**In re VIC SNYDER, INC., Debtor.**

**Bankruptcy No. 81–04301K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Sept. 21, 1982.

James A. Hartz, Fort Washington, Pa., for debtor.

Edwin P. Smith, Philadelphia, Pa., for creditor/Bruce C. Stern.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on an objection by the debtor to the proof of claim of a

judgment creditor. The issue presented to the Court is whether the limitation which the Code places on allowance of claims arising from the termination of an employment contract applies to a claim arising from an employment contract terminated several years prior to the filing of the petition for reorganization and where the claim had been reduced to judgment by the former employee. The Court finds that the Bankruptcy Code does not mandate the reduction of this claim.[1]

Vic Snyder, Inc., the debtor herein, is a local plumbing business. In August of 1976, the debtor and Bruce Stern entered into a written employment agreement. In February of 1977, Stern was fired without being given the requisite notice under the agreement. Stern filed suit in the Court of Common Pleas of Philadelphia County and received a verdict in his favor in May of 1980. This judgment is presently subject to an appeal to the Pennsylvania Superior Court. Vic Snyder, Inc. filed a petition for relief under Chapter 11 of the Bankruptcy Code in October of 1981. Bruce Stern filed a proof of claim against the estate in the amount of $104,001.63. The debtor objected to this claim in its entirety; and, in the alternative, has sought reduction of the claim pursuant to § 502(b)(8) of the Bankruptcy Code.

All of the facts in the case were the subject of a stipulation filed by the parties. Memoranda of law were submitted by counsel to address the legal issue.

The crux of the debtor's objection to the proof of claim is that § 502(b)(8) places a limit on the amount which Stern will be allowed as a result of the violated employment contract. Under this provision, a claim will be allowed except to the extent that:

(8) if such claim is for damages resulting from the termination of an employment contract, such claim exceeds—

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which the employer directed the employee to terminate, or such employe terminated, performance under such contract; plus

(B) the unpaid compensation due under such contract without acceleration, on the earlier of such dates.

11 U.S.C. § 502(b)(8). The debtor, therefore, asserts that Stern's claim must be reduced to $22,948.48.

Although the debtor has advanced this ingenious argument in a most persuasive fashion, the Court does not agree with his interpretation of § 502. The claim of Bruce Stern is founded on a verdict and judgment awarded in the Court of Common Pleas of the County of Philadelphia which was entered in May of 1980. In this case, the termination of the employee occurred in February of 1977. Damages were awarded by state court in May of 1980. The petition for reorganization was filed in October of 1981. The Court finds that the termination of Stern and the fixing of damages by the state court to be too remote from the bankruptcy to be affected by the Code. Section 502(b)(8) was not meant to apply in cases such as this; but, rather, this provision was intended to apply to breaches of contract flowing from the bankruptcy or its immediate consequences.

Unfortunately, the legislative history does not provide much guidance in interpreting this provision:

Paragraph (8) is new. It tracts the landlord limitation on damages provision in paragraph (7) for damages resulting from the breach by the debtor of an employment contract, but limits the recovery to the compensation reserved under an employment contract for the year following the earlier of the date of the petition and the termination of employment.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

[House Report No. 95–595, 95th Cong., 1st Sess. 352–354 (1977); See Senate Report No. 95–989, 95th Cong., 2d Sess. 62–5 (1978).]

This excerpt from the legislative history does not explicitly state that the § 502(b)(8) limitations only apply to breaches of contract proximately caused by the bankruptcy or reorganization. A clue as to the legislative intent, however, can be unearthed. By referring to the section containing the landlord's limitation of damages (11 U.S.C. § 502(b)(7)), the Court can reasonably infer that Congress intended the provision to apply to breaches of contract occurring as a result of the bankruptcy or from an agreement rejected in the reorganization proceeding. The legislative history of § 502(b)(7) (citation, *supra*) refers to the Opinion of the Second Circuit Court of Appeals in the case of *Oldden v. Tonto Realty Corporation,* 143 F.2d 916 (2d Cir. 1944) as the basis for this provision. In the *Oldden* case, after a bankrupt had breached a lease, the landlord filed a claim seeking recovery from the estate of all future rents due under the lease. This request was disallowed and the claim approximately limited. See 143 F.2d at p. 917.

In this case, however, the breach of contract does not stem from the bankruptcy proceeding. Indeed, the breach itself occurred over four (4) years prior to the filing of the petition in this case. The claim arises from a verdict entered in state court well over a year before the filing under Chapter 11. The employee was not discharged as a result of the filing under the Bankruptcy Code, nor was he fired as part of a deepening financial problem. In short, the termination of Bruce Stern by Vic Snyder, Inc. was remote in time from the Chapter 11 case. The damages flowing from the termination were also established well before the case was commenced.

The Court, therefore, finds that § 502(b)(8) will not limit the allowance of this claim.