**In re MURRAY INDUSTRIES, INC., et al., Debtors.**

**Bankruptcy Nos. 88–7473–8P1 to 88–7488–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 3, 1990.

John Olson, Miami, Fla., for debtors.

Wayne Thomas, Tampa, Fla., U.S. Trustee.

**ORDER ON DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the matter under consideration is

an objection to the Claim of Joel A. Schleicher (Claimant). The claim, totaling $1,524,104, is for priority wages in the amount of $2,000, unsecured non-priority wages in the amount of $1,127,083, and attorney's fees and costs in the amount of $395,021. The objection is interposed by Murray Industries, Inc. (Murray), one of several Debtors involved in this Chapter 11 case. The immediate matter under consideration is a Motion for Partial Summary Judgment filed by Murray contending that there are no genuine issues as to any material facts and Murray is entitled to a judgment as a matter of law on the limited issues raised by the Motion for Partial Summary Judgment which are as follows:

It is Murray's contention that (1) the Claimant is not entitled to allowance of any wage priority claim because that portion of the claim represents unpaid wages earned outside of the time frame required for priority by Section 507(a)(3)(A); (2) the portion of the claim attributable to alleged unreimbursed automobile expenses, litigation expenses and attorney fees are not allowable in any amount because they are not called for by the employment contract involved; and, (3) the claim is subject to the time limitation set forth in Section 502(b)(7) and, therefore, it should be limited to the unpaid wages provided for by the employment contract for one year after the date of termination.

The facts as established by the record and by stipulation of the parties which are relevant to the issues raised by the Motion for Partial Summary Judgment are as follows:

On July 1, 1986, the Claimant entered into an employment agreement with Murray (Exhibit "A" attached to Murray's Memorandum) as executive vice president and chief financial officer for a term of five years. The employment contract had an automatic extension provision for one year terms. The compensation to be paid to the Claimant was on a graduating scale, starting with an annual compensation of $140,000 for the years 1986 and 1987 and increasing up to an annual compensation of $200,000 for the years 1990 and 1991. In addition, the employment agreement also provided certain specific benefits, none of which are relevant at this time, with the exception of paragraph 3(d) of the agreement which authorized the Claimant to use an automobile that was to be furnished by Murray to be used in furtherance of business of the company. It is without dispute that the Claimant was dismissed by Murray on August 1, 1988. It further appears that on September 1, 1988, the Claimant made a written demand to arbitrate his claim pursuant to a provision in the employment contract which provided for arbitration of disputes between the Claimant and Murray arising out of the employment contract. It is without dispute that no arbitration panel was ever empaneled.

Murray and its subsidiaries filed their respective petitions for relief under Chapter 11 on December 9, 1988. As noted, the Claimant filed his claim totaling $1,525,104 which claim was challenged by an objection filed by Murray. It should be pointed out in this connection, however, that the Motion for Partial Summary Judgment is limited to the issues outlined above and does not involve a claim by Murray that the Claimant is not entitled to recognition of any claim because the Claimant himself breached the employment contract which, of course, involves material issues of facts and, therefore, cannot be resolved by summary judgment.

There is no question that the claim as filed by the Claimant far exceeds the amount which ordinarily could be allowed to an employee as damages for breach of an employment contract to the limitation set forth in Section 502(b)(7) of the Bankruptcy Code. This section provides as follows:

(b) ... [T]he court, ... shall allow such claim in such amount, except to the extent that ...

(7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract; such claims exceeds—

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; or

(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

(B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates; ...

It is without dispute that the employment of the Claimant was terminated prior to December 9, 1988, that is outside of the one year limitation provided for by Section 502(b)(7). To overcome the obvious and the clear language of the statute, the Claimant urges that this Section does not apply at all simply because his claim does not have its genesis from the bankruptcy case, nor is it the immediate consequence of the bankruptcy case. In support of this proposition the Claimant relies on the case of *In re Vic Snyder, Inc.*, 23 B.R. 185 (Bankr.E.D.Pa. 1982). In this case, the Bankruptcy Court refused to apply the limitation set forth in Section 502(b)(7), concluding that this section was intended to apply only to breaches of contract which were flowing from the bankruptcy which were an immediate consequence of bankruptcy itself. In *Vic Snyder*, the Claimant was terminated more than four years prior to the commencement of the bankruptcy case, and he filed a complaint against his employer which was reduced to a money judgment. Even though the state court judgment was reversed and the claim was ultimately litigated in the bankruptcy court, the Bankruptcy Court held that it would be improper to limit the compensation to one year and the fact that the Claimant obtained a judgment prior to bankruptcy was of no significance.

The Claimant also urges that factually, there is no justification to apply the limitation set forth in Section 502(b)(7) because the very purpose of the limitation may not be served at all by applying it here. This conclusion is based on the proposition urged by the Claimant that Congress placed this limitation on claims covered by Section 502(b)(7) for the purpose of insuring that while the Claimant should be compensated for his loss, it should not be at the expense of the other general unsecured creditors. In this connection the Claimant points out that there is still an unresolved important issue concerning substantive consolidation of the cases filed by Murray and its subsidiaries. If substantive consolidation is not granted, the full allowance of the claim of the Claimant, without the one year limitation, would not have a negative impact on any other general unsecured creditors because Murray, the parent, may very well have enough assets to be able to pay virtually all of its creditors in full. This being the case, it would be patently unfair and a perversion of the purpose of Section 502(b)(7), according to the Claimant, to apply the limitation only for the purpose of possibly enhancing the amount which may trickle down to Murray's equity security holders.

■ Concerning these contentions seriatim, it should be noted at the outset that the claim filed by the Claimant, to the extent the claim is wage priority claim under Section 507(a)(2), is clearly not allowable for the simple reason that it was not wages earned by him within the ninety day period provided for by Section 507(a)(3). Thus, if this amount is a valid claim it can only be allowed as a general unsecured claim. Next, the part of the claim concerning the sum of $395,021 as attorney fees and costs cannot be as easily resolved because of Paragraph 16 of the agreement which provides:

Any dispute or controversy between the parties relating to or arising out of this Agreement ... shall be determined by arbitration ... If the Executive is the prevailing party in any such arbitration proceeding, he shall be entitled to recover from the Company any actual expenses for attorney's fees and disbursements incurred by him.

Notwithstanding, this Court is satisfied that it would not be allowable as part of the claim for damages for breach of the employment contract for the following reasons:

■ A strict reading of this clause of the employment agreement leaves no doubt that the Claimant would be entitled to at-

torney fees only if he prevailed in arbitration. This record is clear, as noted earlier, that no arbitration ever occurred, no arbitration panel was ever empaneled, and none will be, simply because of the intervention of the bankruptcy case which gives this Court exclusive jurisdiction to pass on the allowance or disallowance of claims filed against debtors by virtue of 28 U.S.C. § 157(b)(2)(B). There is nothing in this record which indicates exceptional circumstances which would justify delegating this proceeding to an arbitration panel.

■ Concerning the claim for unreimbursed automobile expenses in the amount of $50,000, this Court is of the opinion that it is equally not an allowable item as part of the claim under consideration. This is so because paragraph 3(d) of the employment agreement provides:

> ... [T]he Executive shall continue to be entitled to the use, *as required in furtherance of the business of the Company*, of the automobile furnished by the Company ... (emphasis supplied)

Thus, by virtue of the express terms of the employment agreement, the Claimant was never entitled to automobile expenses for his own personal use, but use of an automobile only as required in furtherance of business of the company. Certainly after August 1, 1988 after the Claimant was terminated he had no authority to carry on or in fact he did not carry on any business on behalf of Murray. It appears, however, that the Claimant is not asserting a claim for unreimbursed automobile expenses, but rather that his claim is for breach of contract damages resulting from the unreimbursed personal automobile expenses. Since the employment agreement does not provide for this benefit, there is no question that this portion of the claim under consideration cannot be allowed.

■ This leaves for consideration the central point of this controversy which is whether or not the limitation on damage claim resulting from the breach of the employment contract set forth in Section 502(b)(7) should be applied. Neither research by this Court nor independent research by counsel discovered any decision dealing with this precise issue raised by the Court with the exception of the case of *In re Vic Snyder, Inc., supra.* Considering the clear and unambiguous language of the Section, this Court is satisfied that the Section was designed by Congress to protect the general estate from being saddled with exorbitant damage claims for breach of employment contracts at the expense of the other creditors of the estate. It is true that in the present instance, the question of substantive consolidation is yet to be resolved. If the Motion for Substantive Consolidation is not granted, the allowance of this claim in full may not have any negative or adverse impact on the creditors of Murray. However, this question has yet to be resolved, and under the present posture of these cases, this Court is satisfied that it is appropriate to apply the limitation set forth in Section 502(b)(7). Thus, the claim of the Claimant for damages resulting from the breach of the employment contract, subject to the comments made earlier, must be limited to the annual compensation for one year following the termination date.

Based on the foregoing, the Motion for Partial Summary Judgment is well taken since there are no genuine issues of material fact, and this Court is satisfied that it is appropriate to rule as a matter of law and apply the limitation on this claim based on Section 502(b)(7).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Partial Summary Judgment be, and the same is hereby, granted and the objection to claim of the Claimant be, and the same is hereby, sustained and the claim is allowed only in the amount of $181,666.67.

DONE AND ORDERED.