In re MURRAY INDUSTRIES, INC., et al., Debtors.

Joel A. SCHLEICHER, Appellant,

v.

MURRAY INDUSTRIES, INC., et al., Appellee.

Bankruptcy Nos. 88–7473–8P1, 90–1234–CIV–T–17(C).

United States District Court, M.D. Florida, Tampa Division.

Aug. 7, 1991.

Wayne Lee Thomas, Carton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. Tampa, Fla., for appellant.

John Karl Olson, Stearns, Weaver, Miller, Wiessler, Alhadeff & Sitterson, Tampa, Fla., for appellee.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause comes before the court on appeal from a ruling of Chief Bankruptcy Judge Alexander L. Paskay of the Middle District of Florida. Appellant/Creditor Joel A. Schleicher appeals from the Bankruptcy Court's award of $177,766.67 in his favor, alleging a series of errors in the disallowance of certain claims and the calculation of damages.

## I. BACKGROUND

On June 1, 1986, Appellant signed an employment agreement with Appellee/Debtor Murray Industries, Inc. Under the terms of that agreement, Appellant became the Chief Financial Officer (CFO) of the corporation for five years. The agreement provided for a base salary of $140,000 in the first year rising $20,000 per year to $200,000 in the fourth and fifth years.

On August 15, 1988, Appellant received a letter from Appellee ending his employment. The notice announced that the termination was "retroactive," effective August 1, 1988. On September 1, 1988, Appellant filed a demand for arbitration pursuant to paragraph 16 of the employment agreement requiring all disputes to be submitted to arbitration. These proceedings, however, were stayed after Appellee's December 6, 1988 filing for Chapter 11 reorganization. No apparent progress was made in the arbitration proceedings before the issuance of the stay which is still in effect.

On February 13, 1988, Appellant filed a motion for a partial lifting of the automatic stay to allow arbitration to proceed. Appellant later renewed that motion on November 24, 1988. Appellee opposed these motions and the bankruptcy court ruled in its favor, refusing to lift the stay.

Forced into Bankruptcy Court, Appellant filed a proof of claim on April 15, 1989. Appellant alleged damages of $1,524,104.00 relating to his unlawful discharge. The claim asked for $961,667.00 in lost salary, $82,916.00 in vacation pay, $84,500.00 in lost benefits and $395,021.00 in attorney's fees. Appellee responded with an objection to Appellant's claim on November 16, 1989.

Judge Paskay settled the controversy in two orders dated April 3 and August 15, 1990. The first of these granted the Appellee's motion for partial summary judgment. Appellant objects to rulings in this order limiting recovery of lost wages under the contract to one year and disallowing his claims for attorney's fees. The second order dismissed Appellees objections to the claim awarding $177,766.67 to Appellant. Appellant contends, however, that the lower court erred by reducing the award due to his collection of unemployment compensation and by simple miscalculation of his damages.

## II. DISCUSSION

On review, the Court cannot modify the bankruptcy court's findings of fact unless they are shown to be "clearly erroneous." *Birmingham Trust Nat'l Bank v. Case,* 755 F.2d 1474, 1476 (11th Cir.1985). Appellant is entitled to a *de novo* review of conclusions of law. *In re T & B Gen. Contracting, Inc.,* 833 F.2d 1455, 1460 (11th Cir.1987). With these standards in mind, the Court turns to a consideration of Appellant's claims.

### A. Attorney's Fees

■ Appellant presents two arguments to overturn the bankruptcy court's refusal to award attorney's fees. First, Appellant

claims that Florida Statutes § 448.08 [1] requires the Court to award attorney's fees pursuant to a successful action for unpaid wages. While recognizing that the statute says only that the Court "may" award attorney's fees to a successful litigant, Appellant cites *Doyal v. School Bd. of Liberty County*, 415 So.2d 791, 793 (Fla. 1st Dist.Ct.App.1982), which held that failure to award fees pursuant to § 448.08 was an abuse of discretion. The Court notes, however, that the holding in *Doyal* was limited to its facts and turned on the aggravated circumstances surrounding the wrongful termination which are not present in this case. Therefore, the Court rejects this argument, finding Judge Paskay's refusal to award attorney's fees to be justified under § 448.08.

Second, Appellant argues that the bankruptcy court adopted an excessively literal interpretation of the employment contract, ignoring the parties' intent to mandate an award of attorney's fees. The resolution of this issue turns on the language of Paragraph 16 of the employment agreement:

> Any dispute or controversy between the parties relating to or arising out of the Agreement or any amendment or modification hereof, other than the provisions of Sections 11 and 12 [non-compete clauses] hereof, shall be determined by arbitration.... If the Executive is the prevailing party in any such arbitration proceeding, he shall be entitled to recover from the Company any actual expenses for attorney's fees and disbursements incurred by him.

The bankruptcy court held that this provision has no effect unless Appellant has actually prevailed in arbitration. Since the bankruptcy court stayed Appellant's demand for arbitration before the selection of an arbitration panel, Judge Paskay ruled that Paragraph 16 was ineffective because no arbitration had actually occurred.

Appellant disputes this interpretation. He claims that the employment agreement shows arbitration to be the sole forum contemplated by the parties for the resolution of contractual disputes. According to Appellant, the provision allowing recovery of attorney's fees in arbitration proceedings indicates an intent to award attorney's fees in all controversies stemming from the employment agreement with the sole exception of the non-compete agreement. Moreover, the record shows that Appellant acted promptly to secure arbitration as required by the employment agreement both before and after the granting of the bankruptcy stay.

Under Florida law, it has long been settled that the construction of contracts is governed by the intent of the parties. *St. Lucie County Bank & Trust Co. v. Aylin*, 114 So. 438, 441 (Fla.1927); *Underwood v. Underwood*, 64 So.2d 281, 288 (Fla.1953); *Terex Trailer Corp. v. McIlwain*, 579 So.2d 237, 242 (Fla. 1st Dist.Ct.App.1991). Intent is to be derived "from a consideration of the surrounding circumstances, the occasion, and apparent object of the parties." *Aylin*, 114 So. at 441; *Underwood*, 64 So.2d at 288. "When the intent is thus ascertained, it is to be effectuated, unless forbidden by law." *Aylin*, 114 So. at 441; *Underwood*, 64 So.2d at 288.

In the absence of Appellee's bankruptcy filing, the intent of the parties as evidenced in the employment agreement would have been fully enforceable—the dispute would have been arbitrated and attorney's fees assessed if appropriate. This intent, however, was frustrated. Pursuant to Appellee's bankruptcy filing, the bankruptcy court properly stayed arbitration under 11 U.S.C. § 362, negating the parties' agreement. *See, e.g., Zimmerman v. Continental Airlines, Inc.*, 712 F.2d 55 (3d Cir.1983). Due to the wording of the contract, the decision to stay arbitration did more than merely change the forum for the resolution of the parties' dispute. Because Paragraph 16 of the employment agreement, if taken literally, allows the recovery of attorney's fees only in arbitration proceedings, the decision to stay arbitration

---

1. *Fla.Stat.* § 448.08 states:
The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.

has had the effect of depriving Appellant of a substantive right provided in the contract.

Such an alteration of the parties' rights, however, exceeds the purpose of the bankruptcy court's power to stay arbitration. As noted in *Zimmerman,* Congress intended the enlarged jurisdiction of bankruptcy courts in the 1978 Bankruptcy Reform Act to allow the efficient and expedition resolution of bankruptcy cases. 712 F.2d at 58. No mention is made of an intention to alter the rights of the parties using this device. Consequently, the Court concludes that the bankruptcy court's literal reading of Paragraph 16 disserves the intent of the parties in light of the stay of arbitration. The employment agreement shows a clear intent to allow Appellant to collect attorney's fees on certain types of disputes subject to arbitration. The blocking of arbitration under 11 U.S.C. § 362 should not be allowed to void Appellant's right to attorney's fees in Paragraph 16.

Since the bankruptcy court dismissed Appellee's objection to Appellant's claim in its August 15, 1990 order, Appellant is entitled to attorney's fees under Paragraph 16 of the employment agreement. The Court remands this case to the bankruptcy court for the determination of a reasonable attorney's fee.

### B. Unemployment Compensation

■ After his termination, Appellant was unemployed for more than a year and during this period he collected $3,900.00 of unemployment compensation. In its final order, the bankruptcy court deducted this amount from its judgment for Appellant. Appellant maintains that this deduction is improper and against public policy.

Appellant cites two cases, *NLRB v. Gullett Gin Co.,* 340 U.S. 361, 364, 71 S.Ct. 337, 339–40, 95 L.Ed. 337 (1951) and *Brown v. A.J. Gerrard Mfg. Co.,* 715 F.2d 1549, 1556 (11th Cir.1983), for the proposition that Judge Paskay wrongly reduced his award. The Court, however, finds these cases inapposite. Neither of these cases bars a court from reducing an award for back pay by deducting unemployment compensation. On the contrary, they involved

challenges to lower court decisions not to deduct unemployment compensation from awards. In both cases, the appellate court held that this decision was in the discretion of the lower court. Appellant cites no case overturning a lower court's decision to reduce an award. Thus, the Court concludes that it must respect the discretion of the bankruptcy court and affirms the lower court's ruling.

### C. One Year Limitation of Salary Claims

■ Appellant now challenges the decision of the bankruptcy court to limit his recovery to one year's salary pursuant to 11 U.S.C. § 502(b)(7). This section states:

(b) [On debtor's objection to a claim,] the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

\* \* \* \* \* \*

(7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; or

(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

(B) any unpaid compensation due under such contract, without acceleration, or the earlier of such dates; ...

The bankruptcy court applied this provision, limiting Appellant's recovery to one year's salary from the date of his termination, August 1, 1988.

Appellant claims that § 502(b)(7) is inapplicable in this case under the rule enunciated in *In re Vic Snyder, Inc.,* 23 B.R. 185, 186–187 (E.D.Penn.1982). In *Vic Snyder,* the court refused to apply the one year limitation in a case in which the creditor's claims had arisen four years before the bankruptcy filing and had been settled

more than one year before the filing. The court ruled that this section "was not meant to apply in cases such as this; but, rather this provision was intended to apply to breaches of contract flowing from the bankruptcy or its immediate consequences." *Vic Snyder*, 23 B.R. at 186. Adopting this reasoning, Appellant contends that his claim did not flow from the bankruptcy or its immediate consequences and is, therefore, exempt from the one year limitation.

The Court, however, declines to apply *Vic Snyder* in this case. First, as Appellee points out, the decision can be read to treat the creditor in that case as a judgment creditor rather than an employee with a pending claim. Under such an interpretation, there is no basis in this case for refusing to apply § 502(b)(7) because Appellant did not have a final judgment on his claim before Appellee's bankruptcy filing.

Second, the Court is able to apply § 502(b)(7) within the reasoning of *Vic Snyder*. In his briefs, Appellant cites the rule of *Vic Snyder* without examining its application. At the close of the opinion, the *Vic Snyder* court explains its decision:

> In this case, however, the breach of contract does not stem from the bankruptcy proceeding. Indeed, the breach itself occurred over four (4) years prior to the filing of the petition in this case. The claim arises from a verdict entered in state court well over a year before the filing under Chapter 11. The employee was not discharged as a result of the filing under the Bankruptcy Code, nor was he fired as part of a deepening financial problem. In short, the termination of Bruce Stern by Vic Snyder, Inc. was remote in time from the Chapter 11 case. The damages flowing from the termination were also established well before the case was commenced.

23 B.R. at 187. In addition to its heavy reliance on the prior state court verdict and assessment of damages on the employee's claim, the *Vic Snyder* court notes that the employee was not fired "as part of a deepening financial problem." Judge Paskay's undisputed findings in this case, however, show Appellant's dismissal to be directly motivated by Appellee's poor and worsening financial condition.

Thus, the Court declines to modify the bankruptcy court's decision to limit Appellant's recovery pursuant to 11 U.S.C. § 502(b)(7).

### D. Miscalculation of Claims

This case presents the Court with an extraordinary occurrence—both parties are advocating an increase in the award. Excluding attorney's fees and any deduction of unemployment benefits, Appellant seeks $232,962.89 and Appellee $192,552.56. Both figures are substantially higher than the bankruptcy court's award of $181,667.67. The bankruptcy court did not explain its award and the Court finds no ready explanation for its decision.

Nonetheless, since this case must already be remanded for the determination of attorney's fees, the Court refrains from setting damages in this case. Instead, the Court urges the bankruptcy court to reconsider the issue of damages on remand and either modify the award or provide an explanation of its award. Accordingly, it is

ORDERED that this case be remanded to the bankruptcy court for proceedings not inconsistent with this order.

DONE and ORDERED in Chambers, in Tampa, Florida, this 7th day of August, 1991.