### In re STORAGE TECHNOLOGY CORPORATION and affiliated companies, Debtors.

### Bankruptcy No. 84 B 05377 J.

United States Bankruptcy Court, D. Colorado.

Nov. 14, 1986.

Michael F. Browning, Holme, Roberts & Owen, Boulder, Colo., Alan Pedlar, Stutman, Treister & Glatt, P.C., Los Angeles, Cal., for debtor, Storage Technology Corp.

Paul M. Singer, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., William H. Rutter, Sherman & Howard, Denver, Colo., for Broomfield Properties, Corp., Creditor.

### ORDER REGARDING CLAIM NO. 8561

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Debtors' objection to the claim of Broomfield Properties, Corp. ("BPC"), Claim No. 8561. The issues are presented here in the nature of a summary judgment motion for the resolution of two legal questions. Debtors admit BPC is entitled to some actual damages for its rejection of a commercial lease with BPC and the factual determination of those damages is reserved for later determination. Debtors do argue that the damage cap in 11 U.S.C. § 502(b)(6)(A) applies to a financial covenant of STC to pay BPC $4,350,000.00 if, at the end of the 15 year term of the lease STC did not renew the lease for another 10 years. This is called the Residual Guarantee. Additionally, BPC is claiming attorney's fees as part of the "rent reserved" under the lease and must be added to the basic rent for determination of the damage cap in § 502(b)(6)(A). The Debtors assert that the damage cap applies to all damages (of which attorney's fees may be a part) but that the *measure* of those damages under § 502(b)(6)(A) is by reference only to the rent reserved and that attorney's fees

are not part of the rent reserved because they do not relate to the value and use of the property.

## RESIDUAL GUARANTEE

 Section 502(b)(6)(A) provides that if a claim is "the claim of a lessor for damages resulting from the termination of a lease of real property" then the damage claim is capped.

This language does not qualify or in any way limit the type of damages involved. The damage cap applies to all damages, which are then arbitrarily capped and measured by rent reserved. Such a cap has been in the bankruptcy laws for many years. *See,* Bankruptcy Act § 62a(9), former 11 U.S.C. § 103(a)(9). In *Oldden v. Tonto Realty Co.,* 143 F.2d 916 (2nd Cir. 1944) the court enforced such a cap and held, in effect, that such a provision should be given full force and effect regardless of whether through artful draftsmanship the parties had sought to circumvent the statutes' mandate. The *Oldden* case was specifically approved in the legislative history of the present Bankruptcy Code. *See,* H.R. Rep. No. 595, 95th Cong., 1st Sess. 353 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

Thus, as a matter of law, the actual damage claim of BPC for termination of the lease, whether for non-payment of rent, taxes, costs, attorney's fees, or other financial covenants such as the Residual Guarantee, are limited by the damage cap in § 502(b)(6)(A).

## ATTORNEY'S FEES

In *Kuehner v. Irving,* 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340 (1937), the Supreme Court in *dicta* indicated that rent reserved has some relationship to the value of the property and the value of the lease on the property and its use.

Attorney's fees don't relate to the value or use of the property. Even though the parties defined "rent reserved" as including attorney's fees, such fees are simply another financial covenant as was the Residual Guarantee. As such it cannot figure in the calculation of the damage cap in § 502(b)(6)(A). It is, therefore,

ORDERED that BPC's claim under the Residual Guarantee is limited by 11 U.S.C. § 502(b)(6)(A) and that attorney's fees are not to be included in the damages calculation as part of the rent reserved.

FURTHER ORDERED that in accordance with F.R.Civ.P. Rule 54(b) and Bankruptcy Rule 7054 this Court determines there is no just reason for delay and the Clerk shall enter final judgment in accordance with this Order.