In re **KEEGAN UTILITY CONTRACTORS, INC., Debtor.**

**Bankruptcy No. 85–20269.**

United States Bankruptcy Court, W.D. New York.

Feb. 13, 1987.

Leonard Relin, Rochester, N.Y., for debtor.

Woods, Oviatt, Gilman, Sturman & Clarke by Howard J. Grossman, Rochester, N.Y., for Creditor's Committee.

Harris, Beach, Wilcox, Rubin & Levey by Angela J. Panzarella, Rochester, N.Y., for Creditor (Joseph McGloin).

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The Creditors' Committee for the debtor, Keegan Utility Contractors, Inc. (Keegan), objects to the claim of Joseph L. McGloin. The claim, for $2,584.60, represents legal fees Mr. McGloin incurred in his capacity as the debtor's construction manager and officer.

Keegan filed its Chapter 11 petition on March 5, 1985. Proofs of claims were then filed by Keegan's creditors. On November 4, 1986, the Creditors' Committee filed an objection to Mr. McGloin's claim. The grounds for the objection were that court authorization had not been obtained prior to hiring counsel and that the services of counsel were not sufficiently beneficial to the debtor to warrant compensation by the estate. 11 U.S.C. §§ 327 and 330. On December 8, 1986, a hearing on claims was held. Mr. McGloin, through his attorney, appeared and opposed the objection by characterizing the claim not as one for compensation under 11 U.S.C. § 330, but as one constituting an administrative expense under 11 U.S.C. § 503(b)(1)(A). The Court reserved decision on the objection pending the submission of briefs.

The facts are these. Mr. McGloin defended a $100,000 lawsuit brought against him by a labor union for pension contributions owed by the debtor. The lawsuit theorized that Mr. McGloin was personally liable for the unpaid contributions because he was an agent and former officer of the debtor. The lawsuit was discontinued, but not before Mr. McGloin incurred the attorney's fee for which reimbursement is now sought. It is undisputed that Mr. McGloin applied to the Court neither for authorization to hire counsel, nor approval of counsel's fee.

The only question presented is whether this claim for reimbursement of legal costs should be granted administrative expense status under 11 U.S.C. § 503(b)(1)(A).

Section 503(b)(1)(A) provides, in pertinent part, that only "the actual, necessary costs and expenses of preserving the estate, ..." are entitled to administrative expense status. 11 U.S.C. § 503(b)(1)(A). Code section 507(a)(1), prescribing the order in which unsecured claims are to be paid, dictates that the highest priority be given "administrative expenses allowed under section 503(b) of this title, ..." 11 U.S.C. § 507(a)(1). Thus, a strong incentive exists for creditors to have their claims granted administrative expense status. But priority should not be awarded to a claim unless it is clearly of the sort contemplated by the language and underlying purpose of

§ 503(b)(1)(A). *Matter of Jartran*, 732 F.2d 584 at 586 (7th Cir.1984). As the court warned, "[a]ny preference for claims not intended by Congress to have priority would dilute the value of the intended priority and thus frustrate the intent of Congress." *Id. citing In re Mammoth Mart*, 536 F.2d 950 at 953 (1st Cir.1976) (construing the predecessor statute to § 503(b)(1)(A)).

The language[1] and underlying purpose of § 503(b)(1)(A) require as predicates to the granting of administrative expense status that a claim represent a debt incurred post-petition to benefit the estate. Thus, "[t]he actual and necessary expenses of the trustee [or debtor in possession] of operating a business, for storage of property, for rent, for taxes and other costs incidental to protection and conservation are contemplated within the phrase 'the actual, necessary costs and expenses of preserving the estate.'" [footnote omitted] 3 Collier on Bankruptcy, ¶ 503.04[1][a][i] (15th ed. 1986). Further, "[p]roper rules of preservation might require approval of outlays for repairs, upkeep, freight, and many other kinds of expenses." *Id.* However, the "other" expenses entitled to administrative expense status under § 503(b)(1)(A) are only those "incurred by the debtor-in-possession in attempting to rehabilitate the business during reorganization...." *Matter of Jartran*, 732 F.2d at 586, *citing Reading Co. v. Brown*, 391 U.S. 471 at 475, 88 S.Ct. 1759 at 1761, 20 L.Ed.2d 751 (1968) (construing the predecessor statute to § 503(b)(1)(A)).

■ Administrative expense status is reserved for claims that represent debts incurred by the estate in the interest of self-preservation. These claims usually involve debts for goods or services *provided to the debtor.* Cases deciding the issue have identified three factors that are determinative of administrative expense status. First, the claim must derive from a debt incurred post-petition. *Jartran*, 732 F.2d at 586. Next, the claim must arise in connection with a transaction between the claimant and the trustee or debtor in possession. *Mammoth Mart*, 536 F.2d at 953. Finally, the claim must represent a debt incurred to benefit the debtor in the operation of its business. *Id.* Ultimately, administrative expense status should be granted only to claims representing post-petition debts incurred by the debtor to preserve the estate.

■ Here it is unclear whether Mr. McGloin's claim represents a post-petition debt. What is clear is that the debt was not incurred by, nor were the legal services rendered to, the debtor directly. Nevertheless, it is argued that the debtor benefited by Mr. McGloin's legal defense, and his cost in defending the union lawsuit should be granted administrative expense status therefor. While legal services provided directly to the debtor are entitled to administrative expense status, the legal services provided to Mr. McGloin are not. Mr. McGloin's claim simply does not fit within the language and underlying purpose of § 503(b)(1)(A) which require that the estate benefit directly from the debt incurred. In this case, the benefit to the estate of Mr. McGloin's legal defense is tenuous at best.

Mr. McGloin asserts that a policy of refusing administrative expense status for claims representing legal fees incurred by key employees "would create a tremendous disincentive for valuable managerial personnel to remain in the employ of a corporate debtor." The Court agrees and directs Mr. McGloin's attention to sections of the Bankruptcy Code which provide in specific for the hiring of attorneys and the payment of their fees on a priority basis.

---

1. Section 503(b)(1)(A) states in its entirety:
   § 503. Allowance of administrative expenses.
   (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
   (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case:

Under § 327 of the Code, a trustee or, as here, a debtor in possession, "may employ one or more attorneys, ... to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Authorization may be obtained to hire an attorney to represent an employee of the debtor. Payment of the attorney's fee by the debtor is subject to Court approval. 11 U.S.C. § 330. Fees are approved to the extent that they represent "reasonable compensation for actual, necessary services rendered...." 11 U.S.C. § 330(a)(1). Sections 327 and 330 regulate the hiring of professionals and insulate vulnerable debtors from predatory pricing. Section 503(b)(2) provides the incentive for professionals to make their services available to debtors. Under § 503(b)(2), administrative expense status is granted to claims based on compensation awarded under § 330.

In this case, Court authorization was not acquired before Mr. McGloin hired counsel as required by 11 U.S.C. § 327. Neither was Court approval obtained before Mr. McGloin paid counsel's fee as required by 11 U.S.C. § 330. Accordingly, his claim for attorney's fees is not entitled, as otherwise it would be, to administrative expense status under § 503(b)(2). Having ignored the procedure set out by the Bankruptcy Code for hiring attorneys, Mr. McGloin's claim will not now be granted administrative expense status under § 503(b)(1)(A), since the legal fees he incurred did not constitute an actual, necessary cost of preserving the estate and it is so ordered.