In re HECK'S, INC., Debtor
in Possession.

HECK'S, INC., Plaintiff,

v.

COWRON & COMPANY, Defendant.

Bankruptcy No. 87–20150.
Adv. No. 89–0151.

United States Bankruptcy Court,
S.D. West Virginia.

Jan. 18, 1991.

Suzanne Jett, Goodwin & Goodwin, Charleston, W.V., for Heck's, Inc.

William M. Foster, Chattanooga, Tenn., for Cowron & Co.

William F. Dobbs, Jr., Jackson & Kelly, Charleston, W.V. for Unsecured Trade Creditors' Committee.

## MEMORANDUM ORDER ALLOWING COWRON & COMPANY CLAIM AND SUSTAINING OBJECTION OF HECK'S, INC. TO FILING OF AMENDED CLAIM

RONALD G. PEARSON, Bankruptcy Judge.

This matter is before the Court on the objection of Heck's, Inc. [Debtor] to the claim of a landlord for damages pursuant to 11 U.S.C. § 502(b)(6) for rejection of a lease. Following authorization by the Court, the Debtor rejected a triple net lease of more than 40,000 square feet of space owned by Cowron & Company [Cowron] located at a shopping center in Rhea County, Tennessee. The lease was rejected September 18, 1987 and surrendered to the lessor four days later. Rent for the period prior to rejection has been paid in full. After an April 16, 1990 hearing on the objection, the Court took the matter under advisement.

Cowron contends that its damages exceed the maximum allowable under § 502(b)(6) and therefore it is entitled to the statutory capped amount. The parties disagree over whether Cowron acted reasonably to mitigate damages.

Cowron's original claim, filed October 11, 1988, was for a total of $552,391.68. The landlord computed its allowable claim to be three times the annual minimum rent under the lease, plus three times the annual "additional rent" calculated for real estate taxes, insurance, and common area maintenance expenses. The Debtor does not object to the inclusion of these expenses in calculating the maximum allowable under § 502(b)(6), and accepts $552,391.68 as the maximum allowable amount for the claim. As of the termination date of the lease, more than 23 years of the lease term remained. On the date of the hearing, the landlord had not secured a new tenant for the property.

On the day of the April 16, 1990 hearing, without prior notice, Cowron filed an amended claim for $584,912.25. The new figure recalculated "additional rent" expenses included in the earlier claim and added $20,000 for attorney fees, which the landlord asserts are an element of the statutory cap provided by § 502 because the lease identifies as "additional rent" costs added for non-payment or late payment under the lease. The Debtor disagrees with the landlord that attorney fees may be included as an element of reserved rent in calculating the maximum allowable claim, as Cowron asserts in its amended proof of claim. Both the Debtor and the Trade Creditors' Committee object to the filing of the amended claim on the day of the hearing.

█ The Court sustains the objections to the untimely filing of the amended claim, because permitting the landlord to amend its claim on that date would be prejudicial to other creditors who seek to share in the disputed claims fund and because acceptance of an amended claim so late in the proceeding encourages surprise and rewards a lack of diligence on the part of the claimant.

█ The Debtor argues that Cowron failed to mitigate damages following the rejection of the lease because it did not list the property with local real estate brokers, did not properly advertise the property for sale, and did not take certain other steps to market the property. Cowron argues that it made reasonable efforts to mitigate damages by working with the Dayton, Tennessee Chamber of Commerce and the Rhea County Industrial Development Board, and by the use of personal contacts in the Chattanooga, Tennessee commercial brokerage community by partners of Cowron.

Wilbur A. Cowett, a general partner and investor of Cowron, a limited partnership, testified that he has had extensive experience in the sale and leasing of commercial real estate as an investment banker and as an owner for 18 years of Red Food Stores, a supermarket chain with stores located in the Chattanooga, Tennessee area. The Court finds that Wilbur A. Cowett is expe-

rienced and knowledgeable in the leasing of commercial property, has knowledge of the market in which the Dayton, Tennessee property is located, and has demonstrated that the plan employed by Cowron to lease the Dayton, Tennessee property has been a successful strategy in similar situations. The Court further finds that Cowron expended reasonable efforts in attempting to mitigate damages arising from the rejection of the lease by the Debtor.

■ The Court accepts the figures submitted by Cowron for minimum rent, real estate taxes, insurance and common area maintenance fees as determinative of rent reserved, finding that they have a relationship to the value of the property and the value of the lease thereon. *Kuehner v. Irving*, 299 U.S. 445, 454, 57 S.Ct. 298, 302, 81 L.Ed. 340 (1937). The Court rules that utility charges, janitorial expenses, and costs of keys, electrical repairs and a sign are elements of damages, but not elements of rent to be used in calculating the maximum allowable claim.

To recover the maximum allowable amount of damages, Cowron must show that its actual damages flowing from the rejection of the lease exceed the maximum allowable amount. Based on the unchallenged figures submitted in Exhibit A attached to the original proof of claim, and based on other expenses stated in the lease and asserted in pleadings and Defendant's Exhibit 3, including attorney fees and expenses of seeking new tenants, which are reasonably expected to flow from breach of the long-term lease, the Court finds that Cowron has suffered damages in excess of the three-year maximum allowable amount and is entitled to an allowed claim of $552,-392.68. It is accordingly

ORDERED that the objection of Heck's, Inc. to the filing of an amended claim by Cowron & Company is sustained. It is further

ORDERED that Cowron & Company's claim number 3195 filed October 11, 1988 in the amount of $552,391.68 is allowed.