**In re MURRAY INDUSTRIES, INC., Debtor.**

**Bankruptcy Nos. 88–7473–8P1 to 88–7488–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 2, 1992.

Harry Bruns, Rodney Anderson and John K. Olson, Tampa, Fla., for Murray Industries.

Wayne Thomas, Tampa, Fla., for Joel A. Schleicher.

## ORDER ON REMAND

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE substantially consolidated, confirmed Chapter 11 reorganization cases. The matter under consideration is pursuant to an Order by the District Court remanding to this Court for further consideration of the claim of Joel A. Schleicher (Schleicher). Specifically, this Court is to reconsider the amount of attorneys' fees to which Schleicher is entitled and to recalculate Schleicher's claim. A brief discussion of the relevant facts will be helpful to put the matters under consideration into proper focus.

Schleicher is the former Chief Financial Officer (CFO) of Murray Industries Inc., one of the Debtor corporations (Debtor), under an employment agreement between the parties. Schleicher's employment was terminated by the Debtor, and pursuant to the employment agreement, the parties began arbitration proceedings which were stayed when the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. The employment agreement provided that if Schleicher prevailed in arbitration, he was entitled to recover attorneys' fees and expenses.

Schleicher filed a Proof of Claim in the Debtor's case alleging damages of $1,524,-104.00, including attorneys' fees of $395,-021.00. The Debtor objected to Schleicher's claim, and this Court entered an Order sustaining the Debtor's objection in part and allowing the claim of Schleicher in part. Specifically, this Court concluded first that Schleicher did not have a valid contractual right to recover attorneys' fees because the fees were not incurred in connection with arbitration, and the contract between the parties specifically limited attorneys' fees to those associated with arbitration. Second, this Court found that Schleicher's claim was subject to the limitations of § 502(b)(7) of the Bankruptcy Code. This Court also ruled that the amount Schleicher was entitled to should be reduced by the amount Schleicher received in unemployment compensation. In total, this Court allowed Schleicher's claim

in the amount of $177,766.67. Schleicher appealed this Order to the District Court.

In an order dated August 7, 1991, 130 B.R. 113, the District Court upheld this Court's treatment of the unemployment compensation received by Schleicher as a deduction from his claim against the Debtor, and upheld also the application of the one-year limitation of salary claims pursuant to Section 502(b)(7) of the Bankruptcy Code. The District Court, however, reversed this Court's denial of attorneys' fees as part of Schleicher's claim, and remanded the matter to this Court to enter an Order consistent with the District Court's ruling and also recommended that this Court review its calculation of the allowed claim.

On September 4, 1991, this Court conducted a status conference involving Schleicher's claim and the Debtor's objection to that claim. At the status conference, Schleicher argued that in view of the Order on Appeal, the only matter which remains for consideration is the amount of attorneys' fees to be recognized as part of his allowed claim. In opposition, the Debtor urged that § 502(b)(7) and relevant case law prohibit attorneys' fees to be allowed as part of Schleicher's claim, notwithstanding the fact that it has been determined on appeal that Schleicher is entitled to attorneys' fees as a matter of contract right.

Considering the contention advanced by Schleicher that the doctrine of *res judicata* precludes any further consideration of Schleicher's entitlement to allowance for attorneys' fees, this Court is satisfied that this proposition is without merit. First, it is clear that the original Objection to Schleicher's entitlement to attorneys' fees was also challenged by the Debtor on the grounds that even if Schleicher is entitled to any post-employment compensation and attorneys' fees, the amount would exceed the limitation for damage claims resulting from termination of employment as set forth in § 502(b)(7) of the Bankruptcy Code. In light of the fact that this Court concluded that Schleicher has no contractual right to attorneys' fees, this Court never reached the issue whether the cap on damage claims resulting from employment contracts applies to attorneys' fees sought by Schleicher. Thus, this issue is presented for this Court's consideration for the first time. It is equally clear that the issue was never briefed or argued by the parties, nor was it ruled on by the District Court. This is so because the District Court equally did not consider this issue, because the limited issue on appeal was whether Schleicher is entitled to attorneys' fees on his employment contract.

■ There exists a long-settled principle "that a trial court may consider, as a matter of first impression, those issues not expressly or implicitly disposed of by the appellate decision." *Bankers Trust Co. v. Bethlehem Steel Corp.,* 761 F.2d 943, 950 (3rd Cir.1985). A court on remand may properly address any question not settled by the appellate court. Interestingly, the Circuit Courts in *Bankers Trust* and *Delgrosso v. Spang and Co.,* 903 F.2d 234 (3rd Cir.1990), were both considering a second appeal from a District Court. In each case, the Circuit Court concluded that the trial court adopted too narrow a view of its authority on remand after the first appeal, and in each case, the Circuit Court remanded the case again to the District Court to resolve the issues not expressly addressed by the appellate court. Appellate courts obviously often are not asked to and cannot settle all the remaining issues in a case. Therefore, a lower court is responsible for resolving the remaining issues as long as the resolution of the issues is not inconsistent with the appellate court's ruling. Trial courts are allowed to decide issues not resolved by the appellate court even if the issue could have been raised to and decided by the appellate court. As the D.C. Court of Appeals said in *Maggard v. O'Connell,* 703 F.2d 1284 (D.C.App.1983).

A lower court is bound by the mandate of a federal appellate court as the law of the case and, generally, it is without power to reconsider issues decided on a previous appeal. [citation omitted] *However,* the issue must actually have been decided 'either expressly or by necessary implication on that appeal.' [citation

omitted] The mere fact that it could have been decided is not sufficient to foreclose the issue on remand. 'The doctrine unlike res judicata does not apply to points not decided on a previous appeal, *even though they could have been.*'

703 F.2d at 1289 (emphasis supplied).

■ In the case at hand, the District Court did not consider or decide the allowability of the portion of Schleicher's claim seeking recovery of attorneys' fees against Debtor. The previous rulings of both this court and the District Court addressed only the propriety of Schleicher's attorneys' fees demands under the Employment Agreement. This leaves for consideration the ultimate issue, which is whether Schleicher's entitlement to attorneys' fees is subject to the limitations on damage claims resulting from breach of employment contract as governed by § 502(b)(7) of the Bankruptcy Code. This also calls into play the question of whether Schleicher's claim for attorneys' fees may be treated as a separate unsecured claim which would not be subject to the ceiling fixed by § 502(b)(7).

■ Section 502(b)(7) of the Bankruptcy Code provides in pertinent part that the Bankruptcy Court shall allow a claim resulting from the termination of an employment contract except to the extent that the claim exceeds

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; or

(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

(B) any unpaid compensation due under such contract without acceleration, on the earlier of such dates. . . .

Nowhere in this section does the Code authorize an award of attorneys' fees in addition to the one year of compensation.

Case law, moreover, provides little guidance. *But see In re The Charter Co.,* 82 B.R. 144, 149 (Bankr.M.D.Fla.1988) (attorneys' fees were not awarded in addition to amount allowed under § 502(b)(7) even though consulting agreement between parties contained provision authorizing such fees); *In re Johnson,* 117 B.R. 461, 464 (Bankr.D.Minn.1990) (attorneys' fees were not awarded in addition to amount allowed under § 502(b)(7) even though employment contract between parties contained provision establishing entitlement of both parties to recover attorneys' fees from the losing party in litigation between them regarding its enforcement or interpretation). It is significant that neither of the claimants in these cases specifically sought attorneys' fees.

In *Johnson,* 117 B.R. at 471 n. 6, the court noted that the legislative history of § 502(b)(7) indicates that it was "intended to 'track . . . the landlord limitation on [the] damages provision' of § 502(b)(6)." Case law regarding § 502(b)(6) as it relates to attorneys' fees is sparse. A review of those cases, however, illustrates that allowable claims cannot exceed the statutory ceiling. *See, e.g., In re Heck's, Inc.,* 123 B.R. 544 (Bankr.S.D.W.Va.1991) (claim limited to maximum amount allowed under § 502(b)(6) notwithstanding fact that claimant amended claim to include attorneys' fees); *In re Storage Technology Corp.,* 77 B.R. 824 (Bankr.D.Colo.1986) (attorneys' fees cannot be included in the calculation of damages and the total is subject to the cap in § 502(b)(6)). *Compare In re Danrik, Ltd.,* 92 B.R. 964 (Bankr.N.D.Ga.1988) (court overruled debtor's objection to portion of claim that exceeded § 502(b)(6) limitation because guarantor-debtor was solvent, all other claims were paid in full, lessee itself did not seek protection of bankruptcy court, and claim was not disproportionately large). *See also In re Atlantic Container Corp.,* 133 B.R. 980 (Bankr.N.D.Ill.1991) (§ 502(b)(6) statutory cap on damages is intended to limit only those damages lessor would have avoided but for lease termination).

As with § 502(b)(6), in determining the allowance of a claim under § 502(b)(7), the Court must first calculate what actual damages are recoverable by the claimant as a result of the Debtor's breach. Thereafter, the Court must determine whether the amount exceeds the statutory ceiling imposed by the Bankruptcy Code, and if it does, the Court must limit the claim to the amount so authorized. *See In re Q–Masters, Inc.*, 135 B.R. 157, 159 (Bankr.S.D.Fla. 1991) (citing *In re First Alliance Corp.*, 126 B.R. 589 (Bankr.S.D.Cal.1991)).

This Court is unwilling to accept the proposition that the claim for attorneys' fees may be severed from the general damage claim of Schleicher and should therefore be allowed without regard to the cap fixed by § 502(b)(7) of the Bankruptcy Code. There is hardly any question that the clause relating to attorneys' fees in Schleicher's employment contract clearly is not severable and instead is an integral part of the entire contract. The clause in the employment contract dealing with attorneys' fees is an integral part of the entire contract, and with some exception not relevant here, applies if needed to resolve any dispute or controversy arising out of the employment agreement. For this reason, this Court is satisfied that a claim for attorneys' fees is not severable from damage claims and thus is equally subject to the cap on damage claims fixed by § 502(b)(7) of the Bankruptcy Code.

This Court finds that pursuant to § 502(b)(7), and the terms of the contract between the parties, Schleicher is entitled to receive the following:

| | |
|---|---|
| Salary from 8/15/88 through 5/31/89 (41 weeks @ $180,000 per year) | $141,923.14 |
| Salary from 6/1/89 through 8/15/89 (11 weeks @ $200,000 per year) | 42,307.76 |
| Accrued but unpaid vacation pay for 6/1/88 through 8/1/88 | 2,319.23 |
| Accrued but unpaid vacation pay for 1988 | 4,800.00 |
| | $191,350.13 |
| Less unemployment compensation received | − 3,900.00 |
| Total Amount of Schleicher's Claim: | $187,450.13. |

This Court finds that Schleicher is entitled to an award of attorneys' fees in the amount of $395,021.00 based on his employment contract with the Debtor. However, while he is contractually entitled to these fees, he is not entitled to have his claim allowed in an amount exceeding the compensation to which he is entitled in a one-year period based on the statutory ceiling placed by Congress in § 502(b)(7) of the Bankruptcy Code. Thus, Schleicher's claim must be so limited.

In sum, this Court is satisfied that Schleicher's claim should be allowed in the amount of $187,450.13, the amount of compensation to which he is entitled for the one-year period following his termination by the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the claim of Joel A. Schleicher in the Debtor's substantively consolidated Chapter 11 cases is allowed in the amount of $187,450.13. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's objections to the claim of Schleicher are sustained in part and overruled in part.

DONE AND ORDERED.