**In re DREXEL BURNHAM LAMBERT GROUP INC., et al., Debtor.**

**Bankruptcy No. 90 B 10421 (FGC).**

United States Bankruptcy Court,
S.D. New York.

Dec. 17, 1992.

See also 146 B.R. 92.

P. Gruenberger and H. Spierer, Weil Gotshal & Manges, New York City, for The DBL Liquidating Trust ("Debtor").

P.A. Aloe, Rubin Baum Levin Constant & Friedman, New York City, for claimant/creditor Clarkson Const. Co. ("Clarkson").

H.J. Sedran, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, for claimant/creditor Procacci Bros. Pension Plan ("Procacci Brothers").

R.J. Katter, New York City, for Margaret French, Paul and Lunette Merrill, and John Visser ("Florida Claimants").

## MEMORANDUM OF DECISION ON OBJECTION TO CLAIM FOR STATUTORY ATTORNEYS' FEES

FRANCIS G. CONRAD, Bankruptcy Judge.*

Debtor's objection raises[1] the issue of whether claims for attorneys' fees incurred but not reduced to judgment prepetition are allowable under state and federal statutes authorizing an award of attorneys fees in the judgment. We sustain the objection and disallow the claims for prepetition attorneys fees.

Debtor's objection to the claims at issue here were among several raised in its Omnibus Objection Number Seventeen. At the July 23, 1992 hearing on the objection, we disallowed and expunged claims for punitive damages, post-petition interest, and post-petition attorneys' fees. We overruled Debtor's objection and allowed unsecured claims for pre-petition attorneys' fees based on a contract entered into prior to the filing of the Drexel entities' Chapter 11 petitions, and reserved decision on the claims for pre-petition attorneys' fees based on state and federal statutes. (Hearing Tr. at 121–23). For the reasons set forth in this Memorandum of Decision, those statutory claims for prepetition attorneys' fees will be disallowed.

Procacci Brothers, Clarkson, and Florida Claimants (collectively "Claimants") are all unsecured creditors who initiated prepetition actions against one or more of the Drexel entities. The automatic stay prevented each of their actions from proceeding to judgment. Procacci Brothers seeks statutory attorneys' fees under the federal Employee Retirement Income Security Act, which provides:

> In any action under this subchapter ... *the Court in its discretion may allow a reasonable attorney's fee and costs of action* to either party.

29 U.S.C. § 1132(g)(1) (emphasis added). Clarkson seeks attorneys' fees under Section 409.411 of Missouri's securities law, which provides, in pertinent part, that a person violating that provision

> is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at eight percent per year from the date of payment, costs, and *reasonable attorneys' fees,* less the amount of any

---

* Sitting by special designation in the Southern District of New York.

1. Our subject matter jurisdiction over this controversy arises under 28 U.S.C. § 1334(b) and the Order, dated February 9, 1991 (Pollack, S.D.J.), which withdrew the reference to this court under 28 U.S.C. § 157(d) and 11 U.S.C.

§ 105(a), and simultaneously re-referred to us jurisdiction over all core and non-core related matters. This is a core matter under 28 U.S.C. §§ 157(b)(2)(B) and (O). This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. 52, made applicable to this proceeding by F.R.Bkrtcy.P. 7052.

income received on the security, upon the tender of the security, or for damages if he no longer owns the security.

Mo.Rev.Stat. § 409.411 (emphasis added). Florida Claimants base their claim for prepetition attorneys fees on § 517.211(6) of Florida's "Blue Sky" securities law, which provides:

> In any action brought under this section, including an appeal, *the court shall award reasonable attorney's fees* to the prevailing party unless the court finds that the award of such fees would be unjust.

Fla. Sec. & Inv. Protect. Act § 517.211(6) (emphasis added).

We believe that disposition of this matter is governed by the plain language of § 502(b)(1) of the Bankruptcy Code, which provides that if

> objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States *as of the date of the filing of the petition,* and shall allow such claim in such amount, except to the extent that—
>
> > (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. . . .

Each statute authorizes an award of reasonable attorneys' fees in the judgment determining the action. Commencement of the Drexel entities' bankruptcy proceedings, and the intervention of the automatic stay, prevented Claimants' pending actions from going forward to judgment. Accordingly, no determination of Debtor's liability on the underlying action was made, nor was the amount of Claimants' reasonable attorneys fees calculated or awarded.

Debtor's objection at this point is limited to the prepetition attorneys' fees portions of the claims at issue. Our statutory duty is thus to determine the amount of the claims for attorneys fees "as of the date of the filing of the petition." 11 U.S.C. § 502(b). These statutory claims for prepetition attorneys fees are analogous to a claim for indemnity, which is not recoverable until the indemnitee has both been determined to be liable and has actually paid the obligation. See, e.g., *In re Prudential Lines, Inc. (Dicola v. American Steamship Owners Mutual Protection and Indemnity Association, Inc.),* 148 B.R. 730, 748 (Bkrtcy.S.D.N.Y.1992) ("(U)nder New York law ... an insured cannot recover under a general indemnity policy until the insured has actually paid the underlying claim."). Thus, immediately before the Drexel entities' bankruptcy filings, claimants' right to attorneys' fees were contingent upon their prevailing in their actions and obtaining an award of attorneys' fees in their judgments. Commencement of the bankruptcy proceedings eliminated the possibility that the contingency would ever come to pass. Accordingly, claimants neither now have nor will they ever have a right to payment of their prepetition attorneys' fees. Without a right to payment, Claimants have no claim. § 101(5)(a).

Thus, we believe it to be ineluctably clear that, as of the filing date, Claimants had no claim to prepetition attorneys' fees. Accordingly, the claim must be denied.

Additional support for this result is provided by § 502(b)(1), quoted above. As of the date of filing, no claims for attorneys' fees could have been enforced against the Debtor, because there had been no determination of liability on the underlying claim or award of reasonable attorneys' fees. Section 502(b)(1) requires disallowance of a claim that is not enforceable against a debtor, unless the reason for unenforceability is that the claim is either unmatured or contingent. Neither exception applies here.

> An unmatured debt is generally evidenced by a contract and can be expected in the normal course of events to be due and owing in the future, although the obligation has not yet ripened. A contingent liability, however, is marked by uncertainty as to whether any obligation will ever arise.

*In re Prudential Lines,* supra, 148 B.R. at 752. These claims for prepetition attorneys fees are not unmatured because they

are provided for by statute, arise out of extraordinary, unexpected events, and will never become due or enforceable because the necessary prerequisite—a prepetition award of reasonable attorneys' fees—will never come to pass. Similarly, the claims are not contingent, because they are not in any way dependent upon the occurrence of future events which may or may not occur.

Claimants have argued for allowance citing cases which allow prepetition attorneys' fees to unsecured creditors based on contract. A claim for prepetition attorneys fees based on a contract which allows a creditor its costs of collection is distinguishable from the claims at issue here. If the language of the contract so provides, the debtor is actually liable for the creditors costs of collection as they are incurred. By contrast, liability for prepetition attorneys' fees based on the statutes at issue here are contingent upon the entry of a judgment awarding them. Commencement of the bankruptcy proceeding eliminates the possibility that the contingency will occur. Accordingly, Debtor's objection will be sustained and the claims disallowed.

Counsel for Debtor is to settle an order consistent with views expressed in this opinion.