**In re PACIFIC ARTS PUBLISHING, INC., a California corporation, Debtor.**

**Bankruptcy No. LA 95–31793 TD.**

United States Bankruptcy Court, C.D. California.

June 27, 1996.

7. The taxes from 1991 are not on their face discharged because of the previous bankruptcy.

Scott E. Blakely, Daren R. Brinkman, Blakely & Brinkman, Los Angeles, CA, for movant.

John C. Kirkland, Cadwalader, Wickersham & Taft, Los Angeles, CA, for respondent.

## MEMORANDUM OF DECISION RE MOTION FOR ORDER DISALLOWING RELIANCE'S CLAIM AND ORDER

THOMAS B. DONOVAN, Bankruptcy Judge.

This Chapter 11 case was commenced on August 22, 1995. An order approving the Debtor's disclosure statement was entered on April 2, 1996. The hearing regarding confirmation of the Debtor's and Official Committee of Unsecured Creditors' ("Committee") Chapter 11 plan of reorganization was heard along with this motion. An order confirming the Debtor's plan of reorganization was entered on May 1, 1996. This motion is an objection to the claim of Reliance Insurance Company ("Reliance") for attorneys' fees and for administrative priority status for those fees. Reliance filed written opposition to the motion. This memorandum contains the

court's findings of fact and conclusions of law.

## Factual Background

On November 27, 1995, the court approved a stipulation between the Debtor and Reliance rejecting the parties' pre-petition real property lease. The rejection of the lease forms the basis for proofs of claim filed by Reliance. On December 8, 1995, Reliance filed a proof of claim asserting an unsecured claim of $301,877.74 and a secured claim of $22,168.60 (for its security deposit), based on rejection damages. At a hearing held on January 26, 1996, the court allowed Reliance an administrative expense claim in the amount of $76,042,47, based on post-petition rent. An order to that effect was entered on February 1, 1996. At the January 26 hearing, the court denied Reliance's request for about $20,000 for attorneys' fees related to the work performed as a result of the Debtor's rejection of the lease. As the court commented then, the attorneys' fee question is predicated on a pre-petition contract. Such fees do not seem to arise as an administrative expense in connection with the Debtor's post-petition use of the premises.

On March 15, 1996, Reliance filed an amended proof of claim. The amended proof of claim seeks allowance, as an administrative expense, of attorneys' fees of $118,663.78, as opposed to the $20,000 sought at the hearing in January. Reliance has done little to document or explain its justification for this claim other than to furnish many pages of unexplained time charges and out of pocket expenses. Apparently, Reliance seeks attorneys' fees under § 365(d)(3) [1] for all work performed while this bankruptcy case was pending, including all work relating to actions filed by Reliance against the Debtor's affiliates, work that Reliance contends was necessitated by the Debtor's breach of the Reliance lease.

In its objection to Reliance's amended proof of claim, the Committee cites § 502. Section 502(g) provides that a claim arising from the rejection of an unexpired lease shall be allowed under § 502(a), (b) or (c) as if the claim had arisen pre-petition. The Committee contends that Reliance is not entitled to attorneys' fees at all, let alone as an adminis-

---

**1.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code,

11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

trative expense, because there are no pre-petition attorneys' fee expenses and post-petition attorneys' fees should not be allowable at all.

Reliance responds that § 365(d)(3) should govern the outcome. Section 365(d)(3) provides:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding § 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60–day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

Reliance also points out that the lease provides for attorneys' fees to be awarded to the prevailing party who initiates any action or proceeding to enforce any provision of the lease and that Reliance was the prevailing party and, thus, urges that it is entitled to reimbursement for its attorneys' fees on an administrative priority basis, particularly in light of the language in § 365(d)(3) that neutralizes § 503(b)(1).

### Legal Analysis

The Committee's motion is an objection to claim and is analyzed as such.

#### A. Objections to claims

■ Pursuant to § 502(a), a claim or interest is deemed allowed unless a party in interest objects. Pursuant to Rule 3001(f), a properly executed and filed proof of claim is endowed with prima facie evidentiary effect. Filing a proof of claim constitutes prima facie evidence of the amount and validity of the claim. *See also In re Cascade Hydraulics*, 815 F.2d 546 (9th Cir.1987). The movant here bears the initial burden of proof to overcome the presumed validity and amount of the claim; however, that burden is easily satisfied. *In re Schaumburg Hotel Owner Ltd. P'ship*, 97 B.R. 943 (Bankr.N.D.Ill.1989). Here, the Committee and the Debtor have met their burden.

■ Once the objecting party has met the initial burden of overcoming the prima facie validity of the claim, the claimant then must prove its claim. *In re Beverages Intl. Ltd.*, 50 B.R. 273 (Bankr.D.Mass.1985); *In re Greene*, 71 B.R. 104 (Bankr.S.D.N.Y.1987); *In re Ousley*, 92 B.R. 278 (Bankr.S.D.Ohio 1988); *In re Colonial Bakery, Inc.*, 108 B.R. 13 (Bankr.D.R.I.1989). The ultimate burden remains on the creditor, Reliance, to prove the validity of its claim, by a preponderance of the evidence. *In re Fullmer*, 962 F.2d 1463 (10th Cir.1992).

A party in interest may move for reconsideration of an order disallowing a claim against the estate for cause. Section 502(j). The court concludes that cause exists for such reconsideration but that Reliance has not offered any convincing proof of the reasonableness of its attorneys' fees claim or persuasive authority supporting its assertion that attorneys' fees should be an allowable element of the post-petition lease obligations of the Debtor.

#### B. Administrative expense status

■ At the January 26 hearing, the court determined that Reliance had a claim for post-petition rent that was entitled to administrative priority. That ruling was in accord with Ninth Circuit case law to the effect that unpaid rent accrued during the 60–day period between the date of the order for relief and the time the lease is accepted or deemed rejected is entitled to administrative expense status under § 365(d)(3). *In re Pacific–Atlantic Trading Co.*, 27 F.3d 401 (9th Cir. 1994). This court notes that in *Pacific–Atlantic Trading*, the Ninth Circuit did not address the issue of attorneys' fees or any other fees incurred by the lessor within the context of § 365(d)(3). The Ninth Circuit observed simply,

... section 365(d)(3) expresses the intent of Congress to secure for lessors the full amount of rent due during the 60-day period [after bankruptcy and before rejection] while the trustee determines to accept or reject the lease, regardless of any benefit to the estate.

*Pacific–Atlantic Trading,* 27 F.3d 401 at 405. At the hearing on January 26, 1996, this court found that Reliance was not entitled to attorneys' fees incurred by Reliance recovering its post-petition rent based on the breach of a pre-petition lease. Reliance's amended proof of claim, filed on March 15, 1996, reasserts administrative expense status for Reliance's attorneys' fees in an even greater amount. As a result, this court is obliged to harmonize several statutory provisions to determine whether Reliance is entitled to claim its attorneys' fees on an administrative priority basis or otherwise.

■ The general policy in the Ninth Circuit, as well as other circuits, is that priorities in bankruptcy should be narrowly construed and sparingly granted. *In re World Sales,* 183 B.R. 872 (9th Cir. BAP 1995).

### 1. *In re Pacific Sea Farms*

Reliance relies largely on *In re Pacific Sea Farms,* 134 B.R. 11 (Bankr.D.Haw.1991), to support its argument that post-petition attorneys' fees sanctioned by a lease agreement and incurred after a breach of lease are within the ambit of § 365(d)(3) and should be allowed. In *Pacific Sea Farms,* an involuntary Chapter 11, the court appointed a Chapter 11 trustee on July 10, 1991. One week later, on July 17, 1991, the Chapter 11 trustee filed a motion to extend the time to assume or reject the debtor's unexpired real property lease. On July 22, 1991, the lessor filed a motion to compel the debtor to pay all post-petition obligations under the lease or to surrender the property. The lessor claimed it was entitled to post-petition rent, interest, attorneys' fees and other charges. Neither the landlord nor any other party in interest raised any objection to the landlord's inclusion of attorneys' fees in its claim. *Id.* at 13. The bankruptcy court extended the Chapter 11 trustee's time to assume or reject the lease conditioned upon the trustee paying the rent and real property taxes due from the date of the order for relief. The trustee paid most of the amounts requested by the lessor but failed to pay the lessor's attorneys' fees. By a second motion, the lessor asserted that it was entitled to its attorneys' fees authorized by the lease, under § 365(d)(3). The bankruptcy court awarded reasonable attorneys' fees to the lessor, based on the lease and the plain language of § 365(d)(3).

This court does not believe that the reasoning of *Pacific Sea Farms* is persuasive but believes rather that additional factors must be considered, not the least of which are other statutes implicated by the circumstances presented by this motion. These factors are addressed in the remainder of this memorandum.

### 2. Section 503(b)(1)(A)

In situations where § 365(d)(3) does not apply, § 503(b)(1)(A) provides that after notice and a hearing, there shall be allowed administrative expenses for actual, necessary costs and expenses of preserving the estate. Post-petition rent has been interpreted as falling within this section. *Zagata Fabricators, Inc. v. Superior Air Products,* 893 F.2d 624 (3rd Cir.1990).

Three factors identified by one bankruptcy court as determinative of whether a claim is entitled to administrative expense status are that the claim must:

(1) arise from a debt incurred post-petition;

(2) arise in connection with a transaction between the claimant and the debtor-in-possession; and

(3) represent a debt incurred to benefit the operation of the debtor's business.

*In re Keegan Utility Contractors, Inc.,* 70 B.R. 87, 89 (Bankr.W.D.N.Y.1987). The third factor, implicated by § 503(b)(1), has been neutralized explicitly by § 365(d)(3).

As to the first factor, this case is analogous to *In re Far West Corp. of Shasta County,* 120 B.R. 551 (Bankr.E.D.Cal.1990). In *Far West* the landlord sought attorneys' fees, based on the lease agreement, in connection with its administrative rent claim. The bankruptcy court, relying on §§ 502(g) and 365(g)(1), concluded that "all claims which

arise under the breached lease agreement will generally be deemed to have arisen pre-petition." *Id.* at 556. Similarly, this court concludes that a claim for attorneys' fees under Reliance's lease necessarily assumes a breach by the tenant and, thus, would be a pre-petition claim.

### C. Sections 502 and 501(d)

■ Sections 502(g) and 501(d) contain other limitations on a lessor's right to recover attorneys' fees from a tenant. Section 502(g) provides:

A claim arising from the rejection, under section 365 . . . of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same **as if such claim had arisen before the date of the filing of the petition.**

(emphasis added). Section 501(d) provides that claims "of a kind specified in section . . . 502(g) . . . may be filed . . . the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition."

The Bankruptcy Appellate Panel ("Panel") addressed the issue of a landlord's claim based on rejection of an unexpired lease in *In re McSheridan,* 184 B.R. 91 (9th Cir. BAP 1995). The issue in *McSheridan* was what constituted "rent reserved" under § 502(b)(6). Section 502(b)(6) governs the allowance of a landlord's claim for damages based upon termination of a lease. Section 502(b)(6) provides, in relevant part:

. . . the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition and shall allow such claim . . . in such amount, except to the extent that—

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates.

In *McSheridan,* the Panel stated,

This provision is "grounded in principles of ratable distribution"; it balances the interests of landlords against those of other creditors by preventing the landlord from receiving a windfall as a result of the bankruptcy filing.

*McSheridan,* 184 B.R. at 97, *quoting, In re Leslie Fay Companies, Inc.,* 166 B.R. 802, 808 (Bankr.S.D.N.Y.1994); *see also Matter of Interco, Inc.,* 137 B.R. 1003 (Bankr.E.D.Mo. 1992).

In *McSheridan,* the Panel held that bankruptcy courts must make an independent determination of what constitutes "rent reserved" since labels alone could be misleading. *McSheridan,* 184 B.R. at 99. The Panel adopted a three part test that must be met for a charge to constitute rent reserved under § 502(b)(6)(A):

1) The charge must: (a) be designated as "rent" or "additional rent" in the lease; or (b) be provided as the tenant's/lessee's obligation in the lease;

2) The charge must be related to the value of the property or the lease thereon; and

3) The charge must be properly classifiable as rent because it is a fixed, regular or periodic charge.

*McSheridan* at 99–100.

In *McSheridan,* the Panel also determined that damages for breach of lease covenants did not constitute a separate claim from the lease termination damages in general. *Id.* at 101. The Panel reasoned that under § 502(g), the claim for breach of the lease is treated as if it arose immediately prior to the bankruptcy filing. In effect, the Panel concluded that the lessor gets one claim and that claim is limited by § 502(b)(6); if a portion of the claim is disallowed under § 502(b)(6), the lessor cannot file an additional, separate

claim based on the amounts disallowed as rent reserved. This makes sense when one considers the policy rationale for § 502(b)(6), which the Panel found was to prevent the landlord from receiving a windfall at the expense of the other creditors.

Under the *McSheridan* test, Reliance's claim for attorneys' fees must be disallowed under § 502(b)(6)(A). The claim does not satisfy the three part *McSheridan* test because (1) the attorneys' fees are not labeled as rent or additional rent; (2) the attorneys' fees are not related to the value of the property; and (3) they are not a fixed, regular or periodic charge. As such, Reliance's claim for attorney's fees is not allowable as a portion of Reliance's rent reserved, general unsecured claim.

■ Cases decided before *McSheridan* also excluded attorneys' fees from claims filed under § 502(b)(6). For example, in *In re Storage Technology Corp.*, 77 B.R. 824, 825 (Bankr.D.Colo.1986), the bankruptcy court concluded:

> Attorney's fees don't relate to the value or use of the property. Even though the parties defined 'rent reserved' as including attorney's fees, such fees are simply another financial covenant.... As such, [they] cannot figure in the calculation of the damage cap of § 502(b)(6)(A).

Another bankruptcy court concluded,

> The charge must be provided for in the lease as the tenant's obligation, though it need not be denominated as rent.... The charge must be related to the value of the property and the value of the lease thereon.

*In re Rose's Stores, Inc.*, 179 B.R. 789, 791 (Bankr.E.D.N.C.1995), *citing In re Heck's, Inc.*, 123 B.R. 544, 546 (Bankr.S.D.W.Va. 1991). Based on *McSheridan* and the rulings of other bankruptcy courts, this court concludes that notwithstanding § 365(d)(3), attorneys' fees are not appropriately allowable as part of the claim of a lessor under § 502(b)(6)(A) because the obligation to pay attorneys' fees is not, in the language of § 365(d)(3), one that arises "from and after the order for relief." Rather, it is an obligation arising from rejection of the lease and, under § 502(g), should be examined and allowed or disallowed "the same as if such claim had arisen before the date of the filing of the petition."

## D. The lease as the basis of Reliance's claim for attorneys' fees

■ Reliance's claim that it is entitled to attorneys' fees because the lease agreement provides that the prevailing party in an action brought to enforce the lease is entitled to attorneys' fees also is unpersuasive. In *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 979 (Bankr.S.D.N.Y.1992), *aff'd* 158 B.R. 30 (D.C.S.D.N.Y.1993), the Chapter 11 debtor objected to statutory claims for attorneys' fees incurred but not reduced to judgment pre-petition. The claimants were unsecured creditors who initiated pre-petition actions against one or more of the Drexel entities.

In *Drexel*, the bankruptcy court cited the language of § 502(b)(1) which states that the court shall "determine the amount of such claim ... as of the date of the filing of the petition." The statutes relied on by the claimants all authorized awards of reasonable fees, but the claimants' rights to attorneys' fees were contingent upon the claimants' prevailing in their lawsuits and obtaining a court award of attorneys' fees. *Drexel*, 148 B.R. at 981. The bankruptcy court rejected the claims asserted post-petition; the court concluded:

> Commencement of the bankruptcy proceedings eliminated the possibility that the contingency would ever come to pass. Accordingly, claimants neither now have nor will they ever have a right to payment of their pre-petition attorneys' fees. Without a right to payment, claimants have no claim.

*Drexel*, 148 B.R. at 981.

## Conclusion

The court concludes that Reliance's attorneys' fee claim arises out of the Debtor's breach or rejection of the lease and as such is limited by §§ 501(d), 502(b)(6)(A) and 502(g). It is not a claim to an obligation that arose "from and after the order for relief" that the Debtor was required timely to perform until the lease was rejected, as contemplated by

§ 365(d)(3). Reliance's argument to the contrary is not persuasive. While § 365(d)(3) neutralizes § 503(b)(1), it does not neutralize §§ 501(d), 502(b)(6)(A) or 502(g).

For all of the reasons stated above, this court concludes that notwithstanding § 365(d)(3), but based upon §§ 501(d), 502(b)(6)(A) and 502(g), Reliance's attorneys' fees are not allowable as part of Reliance's claim under its lease, as an administrative claim or otherwise. The objection to Reliance's claim is sustained.

IT IS SO ORDERED.