JAMES DRISCOLL *vs.* WILLIAM H. HILL.

If labor and materials have been furnished and used in the erection of a building, and a payment has been made on general account, without discrimination as to whether the same should be applied towards the price of the labor or the price of the materials, so that it is impossible to determine how much remains due for the labor or for the materials separately, and there is no mechanic's lien for the whole, there can be none for any part.

PETITION to enforce a mechanic's lien. At the trial in the superior court, before *Rockwell*, J., without a jury, judgment was rendered for the petitioner for the sum of $418.51 and interest; and the case was reported for the determination of this court. The material facts are stated in the opinion.

*J. W. May*, for the respondent.

*G. Griggs*, for the petitioner.

BIGELOW, C. J. The contract under which a lien is now claimed was for materials to be furnished and labor to be performed by the plaintiff on land which at the date of the contract belonged to the defendant Hill, who alone appears to defend this action. The materials which the plaintiff was to supply consisted of powder with which stones were to be blasted, and mortar and cement with which the stones in cellars were to be laid and pointed. For these no lien is claimed, there having been no notice given to the defendant, according to Gen. Sts. *c.* 150, § 2. The sole question is, whether the plaintiff has established a lien for labor.

Passing over various grave objections urged in behalf of the defendant to the validity of the lien, we are of opinion that the plaintiff fails in showing that he took the essential preliminary step of filing a just and true account of the amount due to him for labor in the office of the clerk of the town where the land is situated, in compliance with the provisions contained in Gen. Sts. *c.* 150, § 5. The statement which the plaintiff left with the town clerk is fatally defective. It does not show how much is due to the plaintiff for labor only. It is conceded that most of the items set forth in the statement embrace the sums due for materials as well as labor, and do not of themselves show how much was due for either separately. If this difficulty could be surmounted by evidence, such as was offered at the trial, to show by estimates, approximately, the amount which would be due for labor, the defect in the statement would not be cured. On the question of the admissibility of such evidence we give no opinion. The case differs from *Morrison* v. *Minot*, 5 Allen, 403, and *Graves* v. *Bemis*, 8 Allen, 573. In those cases the contract was entire, and the sum to be paid was a round sum for labor and materials, with no stipulation for a separate price for either. But in the case at bar, for a portion of the labor to be performed under the contract, that is, for excavation of the cellars, a separate price was agreed to be paid. But the difficulty still remains, that it is impossible to ascertain, from the statement or

otherwise, the sum due for labor for which a lien can be asserted. The reason is this. There was a payment to the plaintiff of the sum of one hundred and forty dollars. This is credited generally on the account towards payment of the sum due for labor and materials, and it was paid during the progress of the work when there was money due for both. There is nothing to show how this is to be applied. It does not appear how much was due for labor or for materials when the payment was made. For aught that the case discloses, the money credited may have been sufficient to pay for all the labor which was performed by the plaintiff under the contract, which was to be paid for at a distinct price apart from and not including powder, mortar and other materials, and this part of the labor may have been fully performed at the time when the payment was made. Nor can we know whether the payment is to be applied to labor only, or to labor and materials; and, if to the latter, in what proportion. In short, there is nothing by which the court can determine with accuracy the amount due to the plaintiff for labor only, after deducting the amount paid to him on account. Certainly the statement does not show it, nor did the evidence adduced at the trial tend in any degree to clear up the vagueness and uncertainty of the statement, or to show the amount for which the plaintiff could rightfully claim a lien after deducting the payment. As the case stands, therefore, the statement was defective and invalid, and the inaccuracy and insufficiency cannot be supplied or corrected by evidence under Gen. Sts. *c.* 150, § 6, for the reason that it is now impossible to ascertain with any degree of certainty by means of evidence the amount due to the plaintiff for labor only.            *Petition dismissed.*