In re METROPOLITAN JEWELRY CO.

In re MEYROWITZ.

(District Court, S. D. New York. January, 1914.)

BANKRUPTCY (§ 345*)—CLAIMS—PRIORITY.

Claimant, who had charge of the affairs of the bankrupt corporation in the absence of the general manager, who represented his wife, who was a stockholder and creditor, and who was substantially a partner of the general manager, was not entitled to priority under Bankr. Act July 1, 1898, c. 541, § 64b (4), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3448).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. § 345.*]

In Bankruptcy. In the matter of the bankruptcy of the Metropolitan Jewelry Company. Claim of one Meyrowitz for priority under Bankr. Act, § 64b (4), disallowed.

See, also, 216 Fed. 385.

Thomas Fleming Walsh, of New York City, for trustee.
William J. Miller, of New York City, for claimants.

On Claim for Priority.

MAYER, District Judge. The testimony in this case discloses that Meyrowitz was so situated in regard to the bankrupt corporation that he was really in charge of the New York office during the absence of the claimant Magid, and bought and sold the goods of the corporation and had full charge of its affairs in Magid's absence. It is perfectly apparent that Meyrowitz was really the representative of his wife, who, according to her testimony, had advanced $1,500 to the company. Claimant's wife testified that she had been a stockholder in the bankrupt corporation since August, 1910, but that she never got any stock. Her testimony indicates that she knew nothing about the business, and it is entirely clear that this corporation was to all intents and purposes a partnership so far as the participants themselves were concerned, although the business was conducted under the familiar and convenient form of corporate entity.

The testimony, in my view, does not warrant the conclusion that the claim falls within subdivision 4 of section 64b of the Bankruptcy Act. The amount claimed does not represent wages due to a workman or a clerk, or a traveling or city salesman, or a servant. This beneficent provision of the statute should not be stretched to cover the claims of principals in disguise.

On all the evidence I find myself unable to agree with the referee, and the claim will be disallowed.

## On Reconsideration of Claim for Priority.

I have reconsidered this motion, in view of the argument of earnest counsel for claimant that I had misapprehended the testimony, and also in view of his statement that the claimant was in very poor health and in poor circumstances. I am confirmed in my view that my decision is right. I did not, of course, mean that Magid and Meyrowitz were members of a partnership as a matter of law, but what I meant was that each had sufficient control and direction, so that he would not come under the privileged class covered by subdivision 4 of section 64b of the Bankruptcy Act. Apparently Magid was the more important man of the two, but nevertheless the duties of Meyrowitz and the whole relationship were such that he cannot be regarded as a privileged clerk.

The status of Meyrowitz is not to be determined by the size of the business. A man in charge of a very small business may be a principal, while, on the other hand, a clerk receiving a substantial salary in a large concern may be none the less a clerk protected by the section in question. I may say, further, that there is nothing which in any way reflects upon Meyrowitz. There is nothing in this record which shows that these men should not have conducted the business in corporate form, and I am dealing solely with the character of the duties of Meyrowitz.

Finally, it must be remembered that the burden of satisfying the court is on a claimant, and I am by no means satisfied that the evidence warrants the conclusion that Meyrowitz is entitled to the priority allowed under the section 64b.