### In re PROGRESSIVE LUGGAGE CORPORATION.

Circuit Court of Appeals, Second Circuit. June 17, 1929.

No. 355.

H. & J. J. Lesser, of New York City (Henry Yarm, of New York City, of counsel), for claimant.

Archibald Palmer, of New York City (Maxwell Green, of New York City, of counsel), for trustee petitioner.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). It is perfectly plain that the three men who owned all of the stock in this corporation conducted the business as though it were a partnership. The claimant and the others performed work which, to borrow the words of the statute, is often done by "workmen, clerks, traveling or city salesmen, or servants." The kind of work done, however, is not the sole or real test of priority, but rather is simply one of the things which help to determine whether the claimant bore to the bankrupt the relation of workman, clerk, traveling or city salesman, or servant, when earning the money for which priority is claimed. This relationship is the true test, and to entitle the claim to priority should be one where there not only is a real status of employee and employer between the claimant and the bankrupt, but, looking farther than just at the work done, the employment must in substance bring the employee within the ordinary meaning of the words used in the statute. This claimant and the two others simply voted themselves sal-

aries and did what work each saw fit and was fit to do. Their salaries were in fact, though not in name, drawing accounts, and they were of course entitled in equal shares to any profits the corporation made. It was to their interest as stockholders to have the business profitable, and they devoted their time and energy to this end by working directly for the corporation, to be sure, but to all intents and purposes for themselves. The claimant in his testimony repudiated any idea that he was anything but a vice principal. It is clear that, if he was bound to the bankrupt at all, it was not by any contract of employment, as a workman or servant in the ordinary meaning of those terms, for he had none, but by his interest as a stockholder and officer.

His relationship to the bankrupt was that of a one-third owner, who contributed his services under no definite arrangement, except that he should be paid each week an amount equal to that paid each of the two others, who had an interest equal to his. His claimed right to be paid this agreed amount in full as wages entitled to priority, and to have creditors share what is left, would subordinate substance to form, and give exaggerated importance to a mere corporate shell. We do not think section 64 of the Bankruptcy Act (11 USCA § 104) was ever intended to bring about such a result. See In re Crown Point Brush Co. (D. C.) 200 F. 882; In re Boston French Range Co. (D. C.) 235 F. 916; In re Metropolitan Jewelry Co. (D. C.) 216 F. 384.

Judgment reversed.