## In re AGELOFF et al.

District Court, S. D. New York
June 29, 1939.

Leo B. Mittleman, of New York City, for trustee.

Louis Waldman, of New York City, for wage claimants.

LEIBELL, District Judge.

This is a petition to review an order of the referee denying a motion of some ninety-nine alleged employees of the bankrupts for an order directing the trustee to pay the full amount of their claims as priority claimants under Section 64, sub. a(2) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 104, sub. a(2).

 The bankrupts were manufacturers of clothes. According to the custom of their trade they designed and cut the materials and then sent them out to contractors to sew and finish the garments. The contractors are "registered" with the Union and certain of the contractors are designated to handle the work of certain manufacturers, and no other work. These wage claimants were employed by the contractors. Pursuant to an agreement between the manufacturers and the Union, the manufacturers (including these bankrupts) agreed to be responsible for the wages of their respective contractors' employees in case those wages were not paid by such contractors. I am of the opinion that this agreement does not make the wage claimants herein employees of the manufacturers, the bankrupts. There was no master and servant relationship between the parties. It has often been held that to be entitled to priority as wages for a workman, clerk or servant, the claim must be such as arises from the relation of master and servant as distinguished from a mere contractual relationship. In re Footville Condensed Milk Co., D.C., 237 F. 136; In re Progressive Luggage Corp., 2 Cir., 34 F.2d 138.

In the instant case the contractors were the employers of the claimants and the agreement between the manufacturers and the Union did not so extend this relationship so as to make the claimants also employees of the manufacturers, the bankrupts, and bring them within the provisions of Section 64, sub. a(2) of the Bankruptcy Act.

 The case of In re Progressive Luggage Corp., supra, laid down the test for determining whether the master and servant relationship existed within the purview of this section of the Bankruptcy Act. The Court said: "It is perfectly plain that the three men who owned all of the stock in this corporation conducted the business as though it were a partnership. The claimant and the others performed work which, to borrow the words of the statute, is often done by 'workmen, clerks, traveling or city salesmen, or servants.' The kind of work done, however, is not the sole or real test of priority, but rather is simply one of the things which help to determine whether the claimant bore to the bankrupt the relation of workman, clerk, traveling or city salesman, or servant, when earning the money for which priority is claimed. This relationship is the true test, and to entitle the claim to priority should be one where there not only is a real status of employee and employer between the claimant and the bankrupt, but, looking farther than just at the work done, the employment must in substance bring the employee within the ordinary meaning of the words used in the statute. This claimant and the two others simply voted themselves salaries and did what work each saw fit and was fit to do."

In the instant case there was no employer-employee relationship between the claimants and the bankrupts, nor did the employment of the claimants by the contractors bring them within the ordinary meaning of the words used in the statute.

The claimants cite a decision of the New York State Unemployment Insurance Appeal Board, decided July 9, 1938, which held that pursuant to the provisions of Section 502, sub. 3(3) (b) of the New York Labor Law, persons employed in a similar capacity to the claimants herein are deemed to be employees of the manufacturer for the purpose of fixing the tax liability. I am of the opinion that this decision must be limited to its own peculiar issue and the construction of Section 502, sub. 3(3) (b) of the Labor Law. The standard for determining who is an employee under that section of the Labor Law is entirely different from that provided by the Bankruptcy Act.

Section 502 of the Labor Law bears the heading "Definitions" and subdivision 3 (3) (b) states: "In determining whether an employer is subject to this article, and

 

in determining for what contributions he is liable hereunder, such employer shall, whenever he contracts with any person for any work which is part of such employer's usual trade, occupation, profession or enterprise be deemed to employ all employees employed by such person for such work, and he alone shall be liable for the contributions hereunder with respect to wages paid to such employees for such work, unless such person performs work or is in fact actually available to perform work for anyone who may wish to contract with him and is also found to be engaged in an independently established trade, business, profession or enterprise."

A reading of the opinion indicates that the facts in respect to the relationship of the manufacturer and the contractor and the contractor's employees was the same as in the case at bar. How the contractor was paid by the manufacturer appears in the following quotation from the opinion of the Unemployment Insurance Appeal Board in that case: "The manufacturers furnish the material, cut to proper size and design, to the contractors. The garments are completed in the contractors' shops in accordance with specifications. The manufacturer pays to the contractor a stipulated base price per garment, which basic price is fixed by agreement between the manufacturer and the union and embraces all of the cost items, including labor, rent, heat, light, office help, etc., and a reasonable profit for the contractor."

The contractor was the employer and the one primarily liable for the wages of his employees; the manufacturer was a guarantor of the payment of those wages. That is also the relationship of the parties as disclosed by the testimony and exhibits before the referee in this present proceeding. But because the contractor, by arrangement with the union, was not "in fact actually available to perform work for anyone who may wish to contract with him" the manufacturer, under the specific provisions of the Labor Act, above quoted, was made liable for the contribution to the State Unemployment Fund.

When the situation presented on this motion is carefully analyzed, it is apparent that the actual effect of granting the motion would be to give the contractors a priority over the other creditors in this bankruptcy proceeding. The contractors themselves have filed claims here for the amount due them from the bankrupt, which, as indicated from the above quotations, would include the wages due on the garments that were finished by the contractors for the bankrupt herein. The contractor should pay the wages due these wage earners and then, in so far as any part of those wages is included in the amount due the contractors from the bankrupt, the contractor has his general claim on file herein.

I find, therefore, that the claimants herein were not employees of the bankrupts so as to be entitled to priority under Section 64, a(2) of the Bankruptcy Act. The referee denied the payment of these claims as priority claims and then permitted them to stand as general claims, subject to a motion by the trustee to expunge them. The record does not indicate that these claimants have made any effort to collect their wages from the contractors. The liability of the bankrupt was secondary, that of a guarantor. It may be that the contractors are still in business and are well able to pay. If so the employees will have little difficulty in collecting from the contractors. The referee's decision involves no hardship to these claimants.

Petition to review is dismissed and the order of the referee dated May 2, 1939, is affirmed. Submit order on notice.