459 So.2d 431 (1984)
Robert S. WAITE, Petitioner,
v.
WELLINGTON BOATS, INC., Respondent.
No. BC-142.
District Court of Appeal of Florida, First District.
November 16, 1984.
*432 Robert S. Waite, for petitioner, in pro. per.
C. Harris Dittmar and Timothy J. Corrigan, Jacksonville, for respondent.
NIMMONS, Judge.
This is a certiorari proceeding in which petitioner, Robert S. Waite (a defendant below), seeks review of an order of the trial court striking his "Amended Counterclaim and Additional Complaint" for failure of the pleading to bear the signature of Waite's counsel of record.
Earlier in the lower court proceedings, Waite was unrepresented and was acting pro se. He had filed an answer and counterclaim. In response thereto, counsel for Wellington Boats, Inc., the plaintiff below, filed a motion to dismiss the counterclaim. Prior to the hearing on that motion, Waite employed an attorney who, at Waite's request, entered into a written stipulation with Wellington's counsel agreeing to the entry of an order granting Wellington's motion to dismiss and allowing Waite fifteen days within which to file an amended counterclaim. The stipulation, which was prepared by Waite's attorney, was signed by his attorney as well as by counsel for Wellington and was filed in the lower court proceedings. Pursuant thereto, the trial court entered an order dismissing the counterclaim with leave to file an amended counterclaim within fifteen days.
Subsequently, the above referred "Amended Counterclaim and Additional Complaint" was filed but it was signed only by Waite and not his attorney of record. In response, Wellington filed a motion to strike pursuant to Fla.R.Jud.Admin. 2.060(d). That rule requires all pleadings to be signed by the party's attorney. The rule further provides that the court may strike any pleading not signed by the party's attorney of record. That is what the court did in this case after hearing on Wellington's motion to strike.
Neither Waite, an Atlanta resident, nor his attorney were present at the hearing. Prior thereto, Waite filed a pro se response to the motion to strike in which he stated inter alia that he had secured the services of "one of his attorneys" only to arrange a disposition of Wellington's earlier motion to dismiss by consent of the parties. His response further stated that he was "formally represented only by himself". He further requested that the hearing be rescheduled because his busy medical practice would not permit him to be present on short notice. However, at no time, either prior or subsequent to the hearing on the motion to strike, was there any motion filed by Waite or his counsel of record seeking permission of the trial court for the withdrawal of counsel. There is no indication in the record of this case as to any reason why Waite's attorney, who was properly furnished notice of the hearing as counsel of record, could not have been present at the hearing.
A party who appears in an action by an attorney may be heard only through the attorney who, so long as he remains the attorney of record, has the exclusive management and control of the action and of all steps and proceedings taken therein to enforce the rights and remedies of his client. 7 Am.Jur.2d Attorneys at Law §§ 6, 149. Withdrawal of a party's counsel of record may be permitted only by approval of the court. Fla.R.Jud.Admin. 2.060(i). And notice of a client's application to the court for discharge of his attorney should be given to the attorney just as an attorney seeking withdrawal should give notice to his client. Feuer v. Feuer, 156 Fla. 117, 22 So.2d 641 (1945).
Until such time as Waite's attorney, pursuant to an appropriate motion, is relieved by the trial court as counsel of record, the court may properly strike pleadings which are not subscribed by such counsel in conformance with the applicable rule.
The petitioner has failed to demonstrate that the trial court departed from the essential *433 requirements of the law in striking the subject pleading. We do not have before us, and therefore do not address, the question of either: (1) whether the trial court should favorably entertain a motion for leave to file an amended counterclaim in the event Waite's counsel of record were to file such a motion; or (2) whether, in the event the trial court, pursuant to appropriate motion, discharges Waite's counsel of record, the court should grant a pro se motion seeking leave to file an amended counterclaim.
The certiorari petition is Denied.
SHIVERS and WENTWORTH, JJ., concur.