**In re ALROCO, INC. d/b/a Albritton Roofing Company, Debtor.**

**Bankruptcy No. 85–3428–BKC–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 27, 1988.

Charles Medearis, St. Petersburg, Fla., trustee.

Frank Principe, Tampa, Fla., for trustee, Charles Medearis.

Lawrence Rayburn, Tampa, Fla., for claimant, David Miller.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM NUMBER 23

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is an Objection to Claim Number 23 filed by Action Temps, Inc. The claim under challenge is filed in the amount of $104,662 by Action Temps, Inc. (Action Temps). The claim is filed as a priority wage claim and as such is claimed to be entitled to priority treatment pursuant to § 507(a)(3) of the Bankruptcy Code. The objection is interposed by the Trustee of the estate who contends that while the claim may be allowed as a general unsecured claim, it is not entitled to priority treatment as a wage claim. The facts which are relevant to the resolution of this controversy are without dispute and can be summarized as follows:

Action Temps, Inc., a Florida corporation, entered into a contractual arrangement with Alroco, Inc. (Debtor) who was doing business as Albritton Roofing Company. Pursuant to the contract, Action Temps was to take care of all administrative chores of the Debtor including the preparation of its payroll, payment of wages, filing all tax returns; pay the payroll taxes; procure workman's compensation for the Debtor; and, pay the premium for the insurance necessary for the Debtor to operate its business. Action Temps was to receive reimbursement for funds expended by it on behalf of the Debtor and a fee for these services. Based on these facts, it is the contention of Action Temps that it is entitled to wage priority under the theory of equitable assignment in that had the Debtor itself employed these people and did not pay these wages, these employees would be entitled to assert a wage claims and since Action Temps paid their wages it would be entitled to not only acquire their right to assert a claim on behalf of these employees but also acquire the priority status of these claims. The wage priority established by Congress by § 507(a)(3)(A) reads as follows:

**Sec. 507. Priorities.**

(a) The following expenses and claims have priority in the following order:

(3) Third, allowed unsecured claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay—

(A) earned by an individual within 90 days

Even at first blush it appears evident that Congress intended to award priority status to wages earned by an individual only and not to entities. Subclause (d) also provides that an entity that is subrogated to the rights of a holder of a claim entitled to priority including priority to wage claims is not subrogated to the right of the holder of such claim to priority under § 507. To overcome the obvious, Action Temps urges that its claim for the priority status is not based on subrogation but by "equitable assignment". Relying on the case of *In re Missionary Baptist Foundation of America*, 667 F.2d 1244 (1982) in which the Fifth Circuit held that the store which had cashed payroll checks for Debtor's employees was assignee of the employee claims and not subrogated to their claims and therefore it was entitled to assert the employee's wage priority. The difficulty with Action Temp's reliance on this case should be obvious when one considers the undisputed facts in this case. In *Missionary Baptist Foundation of America, supra,* the payroll checks were payroll checks issued by the Debtor to employees of the Debtor. In the present instance, the employees were not employed by the Debtor

but by Action Temps and furnished to the Debtor as part of the total contract package under which Action Temps took care of all or practically all administrative duties of the Debtor, part of which was the preparation of payroll, payment of wages, filing tax returns and paying payroll taxes. In sum, the relationship between Action Temps, an independent contractor, and the Debtor was the relationship of two contracting parties and the claim of Action Temps is clearly not wages earned by an individual but is a claim based on breach of contract which is obviously not entitled to any priority treatment under the Bankruptcy Code. This Court is satisfied that the facts involved in this case are more analogous to the facts involved in *Matter of Dahlman Truck Lines, Inc.,* 59 B.R. 218 (Bkrtcy.W.D.Wis, 1986). In *Dahlman Truck* the Bankruptcy Court concluded first that the claimant failed to establish that its employees were actually employed by the Debtor; second, even if the claimant had established that its own employees were actually employees of the Debtor there was no evidence to establish that the employees executed wage assignments in favor of the Debtor. This being the case, there is hardly any question that in the present instance the wage claims asserted hereby by Action Temps are wages earned by its own employees and not employees of the Debtor and even assuming but not admitting by inference that they were deemed to have been employees of the Debtor there is no evidence here to show that the employees did execute valid wage assignments in favor of Action Temps.

Based on the foregoing, this Court is satisfied that the Trustee's objection is well taken and the objection is sustained and while the claim of Action Temps is allowed in the amount filed, it should be allowed as a general unsecured claim and disallowed as priority pursuant to § 507(a)(3) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim Number 23 of Action Temps, Inc. be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that Claim Number 23 of Action Temps, Inc. be, and the same is hereby, allowed as a general unsecured claim.

DONE AND ORDERED.