**In re GRANT INDUSTRIES INCORPORATED, Debtor.**

**Bankruptcy No. 90–43222–2–11.**

United States Bankruptcy Court, W.D. Missouri.

Nov. 8, 1991.

Stinson, Mag & Fizzell, Kansas City, Mo., for debtor.

H. Kent Desselle, Independence, Mo., for Bestemps.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This case comes before the Court on Debtor's objection to Bestemps' priority claim under Section 507(a)(3) in the amount of $10,967.65.

### FACTS

Claimant Bestemps is a firm which provides temporary employees to other organizations to meet temporary needs. In this case Bestemps contracted with Debtor to provide such temporary workers. Debtor kept track of the hours worked by the Bestemps' employees and reported those hours to Bestemps and was responsible to pay Bestemps for their services at the contract rate. Debtor was not responsible for paying the employees directly. Bestemps was responsible for paying the employees and for all tax and benefit deductions. It is undisputed that Bestemps has an unsecured claim against the Debtor's estate in the amount of $10,967.65 to cover the cost of temporary services provided by Bestemps. This dispute centers on whether that claim should receive priority treatment under Section 507(a)(3) as "wages, salaries, or commissions ... earned by an individual within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business." 11 U.S.C. Section 507(a)(3)(A) (1988). Bestemps' claim will not receive such priority.

### DISCUSSION

Section 507(a)(3) of the Bankruptcy Code gives a high payment priority to the claims of employees for wages, salaries or commissions earned shortly before their employer files for bankruptcy. As such it functions to give some measure of added protection to those individual employees who depended upon the debtor for their livelihood. On the other hand, Congress did not see fit to provide the same protection to the companies and individuals who have provided goods and services to the debtor even though, in some cases, those businesses and independent contractors may be highly dependent upon the debtor for their economic livelihood. "[T]he pur-

pose of Congress has constantly been to enable employees displaced by bankruptcy to secure, with some promptness, the money *directly due to them* in back wages, and thus to alleviate in some degree the hardship that unemployment usually brings to workers and their families." (emphasis supplied). *United States v. Embassy Restaurant, Inc.,* 359 U.S. 29, 32, 79 S.Ct. 554, 556, 3 L.Ed.2d 601 (1959). The key distinction is between those claimants who are truly engaged in a master/servant relationship with the debtor and those who are engaged in a contractual relationship with the debtor. "This relationship is the true test, and to entitle the claim to priority should be one where there ... is a real status of employee and employer between the claimant and the bankrupt." *In re Progressive Luggage Corp.,* 34 F.2d 138 (2d Cir.1929). *See also In re Ageloff,* 40 F.Supp. 369, 370 (S.D.N.Y.1939) ("the claim must be such as arises from the relation of master and servant as distinguished from a mere contractual relationship").

■ Bestemps was clearly engaged in a business relationship with Debtor. Bestemps contracted with Debtor to provide temporary workers. Debtor's only obligation was to pay Bestemps for those services. All other obligations normally incident to an employment relationship fell upon Bestemps such as actual payment of the workers and deducting and accounting for any income or employment taxes.

The plain language of the Code provides that priority treatment is given to "wages, salaries, or commissions ... *earned by an individual.*" 11 U.S.C. Section 507(a)(3)(A) (1988). Bestemps' claim is based on fees which Bestemps earned on its contract with Debtor and not upon "wages" earned by the individual temporary workers. This is not a case where the wages were earned by the employees and then assigned to Bestemps. That would present a different case. *Matter of Dahlman Truck Lines, Inc.,* 59 B.R. 218, 220 (Bankr.W.D.Wis. 1986). This is simply a case of Bestemps providing contract services to Debtor. As such priority treatment is not available to Bestemps.

## CONCLUSION

In view of the foregoing, Debtor's objection to Bestemps' claim is SUSTAINED, and Bestemps' $10,967.65 claim shall be paid as a general unsecured claim.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.