### In re MEL–HART PRODUCTS, INC., Debtor.

### Bankruptcy No. 90–40399M.

United States Bankruptcy Court, E.D. Arkansas, W.D.

June 23, 1993.

M. Randy Rice, Trustee, Little Rock, AR.

Mark Nichols, Little Rock, AR.

### ORDER

JAMES G. MIXON, Chief Judge.

On February 20, 1990, Mel–Hart Products, Inc. (the debtor), filed a voluntary petition for relief under the provisions of Chapter 11 of the United States Bankruptcy Code. On June 28, 1990, the case was converted to Chapter 7 and M. Randy Rice, Esq., was appointed trustee. Sunmark Holding Company, Inc. (Sunmark), timely filed a claim for $36,944.41 asserting that the claim was a third priority claim for wages pursuant to 11 U.S.C. § 507(a)(3) (1988). Sunmark alternatively contends that it is entitled to a fourth priority claim pursuant to 11 U.S.C. § 507(a)(4) (1988) for contributions made to an employee benefit plan. The trustee filed a timely objection to the priority claim. A trial on the merits was held on November 17, 1992, and the matter was taken under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (1988), and the Court has jurisdiction to enter a final judgment in the case.

On July 1, 1988, the debtor entered into a Client Service Contract with Sunmark pur-

suant to which Sunmark was to provide the debtor with employees as needed. The contract characterized the debtor and Sunmark as co-employers of the employees to be provided under the contract. Under the contract, Sunmark agreed "to provide and to assume the sole responsibility and liability for" the payment of employees' wages; all applicable employer-related taxes, including federal and state income tax withholdings, federal and state unemployment taxes and social security taxes; all workers' compensation insurance coverage for all employees assigned to the debtor; and payment of all employee benefit programs selected by the debtor and made available to employees by Sunmark. Sunmark withheld employee benefits and paid contributions to an employee benefit plan on behalf of the employees. Sunmark was also responsible for "designing, providing, and administering all personnel policies and procedures related to the hiring, firing, re-assignment, compensation, supervision, and discipline of [e]mployees assigned to [the debtor] by Sunmark." Sunmark was solely responsible for the "[c]ompletion and maintenance of all required payroll, personnel, and benefit records, with the exception of the record of actual hours worked," which was the responsibility of the debtor.

The debtor paid Sunmark to provide the debtor with employees as needed. After Sunmark paid wages, taxes, and other sums pursuant to the contract, it invoiced the debtor for the sums expended, plus a service fee amounting to 19.38% of the amount paid in employee expenses. The witness for Sunmark acknowledged that Sunmark was obligated to pay the employees' expenses regardless of whether the debtor made its payment to Sunmark.

Within 90 days before the petition was filed, Sunmark paid employees pursuant to the contract and invoiced the debtor $39,-362.66, which included Sunmark's service fee. When the debtor was unable to pay Sunmark, Sunmark required the debtor and the debtor's president, Marjorie Jones, to execute a promissory note dated February 23, 1990.

The trustee does not dispute the amount of Sunmark's claim, nor the debtor's liability to Sunmark. Rather, the trustee's objection is directed to Sunmark's classification of the claim as a priority claim.

## DISCUSSION

■ Section 507(a)(3) of the Bankruptcy Code provides a priority to employees' wages, salaries or commissions earned within 90 days before the date of the filing of the bankruptcy petition. 11 U.S.C. § 507(a)(3) (1988). Sunmark argues that it is entitled to a priority claim because it is an assignee of the employees since it paid the employees' wages and, as assignee, it succeeds to the priority of its assignor. The facts do not sustain this argument. Sunmark was obligated to pay the employees under the contract between Sunmark and the debtor and pursuant to a contract between the employees and Sunmark. There can be no assignment from employees to Sunmark because there was no consideration to support the purported assignment. *In re Mid–American Travel Service, Inc.*, 145 B.R. 969 (Bankr.E.D.Ark. 1992); *Abraham v. Abraham*, 203 Neb. 384, 279 N.W.2d 85 (1979). Sunmark was providing contract services to the debtor under the Client Service Contract. Therefore, Sunmark is not entitled to a third priority claim for wages under 11 U.S.C. § 507(a)(3) (1988). *In re Grant Indus., Inc.*, 133 B.R. 514 (Bankr.W.D.Mo.1992). *See also In re Alroco, Inc.*, 92 B.R. 523 (Bankr.M.D.Fla.1988).

■ In the alternative, Sunmark argues that it is entitled to a fourth priority for $2,582.11 because it contributed this sum to an employee benefit plan arising from services rendered within 180 days before the date of the filing of the petition.

11 U.S.C. § 507(a)(4) provides as follows:
(a) The following expenses and claims have priority in the following order:

. . . .

(4) Fourth, allowed unsecured claims for contributions to an employee benefit plan—

(A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's busi-

ness, whichever occurs first; but only

(B) for each such plan, to the extent of—

(i) the number of employees covered by each such plan multiplied by $2,000; less

(ii) the aggregate amount paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. § 507(a)(4) (1988).

Here, there is no employee benefit plan maintained by the debtor as contemplated by section 507(a)(4). Payments to the health insurance trust by Sunmark were made pursuant to its contract with the debtor. Sunmark's claim is based on a breach of contract and is, therefore, not entitled to priority status under section 507(a)(4). *In re Alroco, Inc.,* 92 B.R. 523 (Bankr.M.D.Fla.1988).

The trustee's objection is sustained. Sunmark is allowed a general unsecured claim for $36,944.41.

IT IS SO ORDERED.