**In re Jean May SIMON, Debtor.**

**Bankruptcy No. 93–14545–JNF.**

United States Bankruptcy Court,
D. Massachusetts.

Nov. 29, 1993.

Mikhael J. Austin, Pittsfield, MA, for Statewide Funding Corp.

Robert A. Mickiewicz, Boston, MA, for Clement Thomas (objecting creditor).

Karen Gonyea–McInnis, Randolph, MA, for debtor.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. INTRODUCTION

The matter before the Court is the Objection filed by Clement Thomas, d/b/a/ C & J Remodeling ("Thomas") to the Chapter 13 plan proposed by the Debtor, Jean May Simon ("Simon" or the "Debtor"). The Debtor filed a Chapter 13 petition on May 14, 1994. On Schedule D, she listed two creditors: Thomas and Statewide Funding Corporation ("Statewide"). The Debtor disclosed that Thomas' claim stemmed from a mechanic's lien, while Statewide's claim pertained to a first mortgage on property that she owns located at 145 Westmore Street, Mattapan, Massachusetts (the "property"). The Debtor proposes in her Chapter 13 plan to treat Statewide's claim as partially secured and partially unsecured and Thomas' claim as completely unsecured on the ground that the value of the property is insufficient to secure both obligations. On May 23, 1993, the Debtor commenced an adversary proceeding against Thomas in which she seeks a determination that Thomas's lien is wholly unsecured based upon the appraised value of the Mattapan property.

Thomas timely filed an objection to the Debtor's plan. The Court conducted a hearing on the objection and ordered the parties, including Statewide, to file briefs on the issue of whether Thomas's mechanic's lien primes the first mortgage held by Statewide. The Court now makes the following findings of fact and rulings of law in accordance with Fed.R.Bankr.P. 7052 with respect to this limited issue and a subsidiary issue as to whether Thomas's attorney's fees are entitled to priority under 11 U.S.C. § 507(a)(3). The issue of whether Thomas's lien is partially or wholly secured, and, indeed, whether it is

properly perfected, shall be determined in the context of the adversary proceeding.

### II. FACTS

The following facts do not appear to be in dispute and are set forth in the agreed statement of facts submitted as part of a Joint Pre-trial Memorandum filed by the Debtor and Thomas in conjunction with the adversary proceeding commenced by the Debtor against Thomas and in the memoranda submitted by the parties.

On December 18, 1991, the Debtor executed and delivered to Statewide a mortgage on property, which was recorded on February 11, 1992. Prior to the recordation of the mortgage, the Debtor and Thomas entered into a written agreement pursuant to which Thomas was to perform renovation work on the property.[1] The contract was executed by the Debtor on January 2, 1992; the contract price was initially $25,000. Work was to commence on approximately January 2, 1992 and the approximate completion date was May 1, 1992.

On April 24, 1992, Thomas filed a Notice of Contract in the Suffolk County Registry District. Four days later on April 28, 1992, he filed a Statement of Account in the same Registry District. The Account contained the following:

| | | |
|---|---|---:|
| | Original Contract Amount | $25,000.00 |
| | Additional Change Order(s) | 1,200.00 |
| | Additional Materials Ordered | 1,500.00 |
| (LESS) | Payments and Credits to Date | (14,675.47) |
| | | $13,024.53 |

Thomas commenced a civil action against the Debtor, the date of which cannot be conclusively determined from the submissions of the parties, and, on March 23, 1993, he received a default judgment in the amount of $15,069.46. On May 12, 1993, an execution was issued in the amount of $16,446.64. The Debtor filed her Chapter 13 petition two days later.

### III. DISCUSSION

 The issue that must be determined at this juncture is whether Thomas' mechanic's lien primes Statewide's first mortgage, and,

---

1. A copy of the written agreement is attached as Exhibit B to Statewide's Supplemental Memorandum.

thus must be treated as a secured claim by the Debtor in her plan. Prior to the Debtor's bankruptcy, Thomas proceeded under section two of Chapter 254, Mass.Gen.Laws. Ann.Ch. 254, § 2 (West 1988 & Supp.1993), which pertains to contractor's liens, as opposed to section one, which pertains to laborer's liens. Pursuant to section 2, a claimant must have a written contract to be eligible for a lien, and the work must relate to a building or structure upon land. *Id.* The amount of the lien is established at the time the Statement of Claim is filed in the Registry of Deeds. *See id.* § 8, The record reveals that Thomas filed both the Notice of Contract and the Statement of Claim with the Registry of Deeds. Thomas appears to have perfected his lien as, in addition to the filing of the Notice of Contract and the Statement of Claim,[2] he commenced a civil action against the Debtor. *See id.* § 5. However, the Court has insufficient facts to determine whether Thomas commenced his civil action within 60 days after the recordation of the Statement of Claim and whether he filed a certified copy of the complaint in the Registry of Deeds. *See id.* §§ 5, 11. However, for purposes of this opinion, the Court shall assume that Thomas commenced the civil action within 60 days of the recordation of his Statement of Account in accordance with section 5 of the mechanic's lien statute as his state court complaint was verified by Thomas on June 26, 1992—the 60th day following the recordation of the Statement of Account.[3] However, the Court shall permit the Debtor to contest this factual conclusion in the context of the adversary proceeding by filing an amended complaint to challenge the perfection of the lien.

Assuming that Thomas has perfected his contractor's lien (the section 2 lien), the priority of that lien with respect to Statewide's mortgage is governed by Mass.Gen.Laws. Ann.Ch. 254, § 7. That section provides the following part:

No lien, *except under section one,* shall avail as against a mortgage actually existing and duly registered or recorded to the extent of the amount actually advanced or unconditionally committed prior to the filing or recording in the registry of deeds of the notice required by this chapter or against a purchaser, other than the owner who entered into the written contract on which the lien is based, whose deed was duly registered or recorded prior to the filing or recording of such notice; and no lien under section one shall avail against such a mortgage unless the work or labor performed is in the erection, alteration, repair or removal of a building or structure which erection, alteration, repair or removal was actually begun prior to the recording of the mortgage.

*Id.* § 7 (emphasis supplied). Since the statute indicates that a contractor's lien cannot prime a mortgage, to the extent of actually advances or amounts unconditionally committed, Thomas contends that he also has a laborer's lien—a section one lien, which can prevail over a mortgage.[4]

Section one provides in relevant part the following:

A person to whom a debt is due for personal labor performed in the erection, alteration, repair or removal of a building or structure upon land, by virtue of an agreement with, or by consent of, the owner of such building or structure, or of a person having authority from or rightfully acting for such owner in procuring or furnishing such labor, shall, under the provisions of this chapter, other than sections three and four, have a lien upon such building or structure and upon the interest of the owner thereof in the lot of land upon which it is situated, *for not more than eighteen days' work actually performed during the forty days next prior to his*

---

**2.** In his pleadings, Thomas refers to the Statement of Claim as a Statement of Account. The Court shall use the terms interchangeably.

**3.** Thomas's complaint is attached as Exhibit A to Statewide's Supplemental Memorandum.

**4.** The Court has not been provided with a copy of Statewide's mortgage. For purposes of Mass. Gen.Laws Ann. Ch. 254, § 7 (West 1988 & Supp. 1993), the Court shall assume that no factual issue exists as to whether monies were "actually advance or unconditionally committed" by Statewide as neither the Debtor nor Thomas has raised that issue.

*filing a statement as provided in section eight.*

*Id.* § 1 (emphasis supplied). Thomas argues that he and other workers have a lien for 18 days of labor performed within the forty days prior to his filing of his Statement of Account. Thus, in accordance with section 7, he claims that this lien primes the first mortgage of Statewide since work was commenced on January 2, 1992, prior to the recordation of Statewide's mortgage on February 11, 1992. In other words, Thomas contends that the amount of his lien is governed by the value of the labor performed on a maximum of 18 days preceding the filing of the Statement of Account, while the priority of his lien is governed by when the work was commenced, even if the 18 days of labor were performed after the recordation of the mortgage. To prevail on this theory, Thomas must show compliance with section 8 of the state statute.

Section 8 of the mechanic's lien statute provides that the lien is dissolved "unless a like statement", giving the names of the owners of record at the time the work was performed or at the time of filing the statement, is filed within the forty days provided in said section. *Id.* § 8. The reference to a "like statement" is to the statements required for liens under section two, three and four: "a just and true account of the amount due him, with all just credits . . . ." *Id.* The Statement of Account filed by Thomas contained no separate itemization of labor charges. Thomas filed an affidavit with this Court on October 16, 1993, indicating that labor charge of $7,100.00 were incurred by him and several others. Nevertheless, the issue remains whether the Statement of Account filed with the Suffolk County Registry District on April 28, 1992 is sufficient to perfect a lien under section one, and if so whether the lien relates back to January 2, 1992, prior to the recordation of the mortgage and Notice of Contract, or whether the lien arose at the time of the Notice of Contract since the eighteen days of labor performed within the 40 days preceding the Notice of Contract followed the recordation of Statewide's mortgage.

The Court finds that the Statement of Account filed by Thomas is insufficient to establish the amount of a laborer's lien as it is impossible to differentiate between the charges for labor and materials and the how the credit of $14,675.47 was applied. The Statement of Claim is the "document which specifies the amount of the lien, although it does not otherwise cap or restrict the amount of one's claim against the owner of the property or the person with whom the claimant has contracted." Stanley A. Martin & James J. Meyers, *Construction Contract Remedies and Damages,* 76 Mass.L.Rev. 170, 176 (1991). In the instant case, Thomas' Statement of Account contains no separate itemization of labor charges. Moreover, *Driscoll v. Hill,* 93 Mass. 154 (1865), is instructive. In that case, the court, in ruling upon the defendant' objection to the plaintiff's account, determined that the account was defective where the plaintiff could not claim a lien for materials, the statement of account did not differentiate between sums due for labor and materials, and a credit was applied to the entire balance without differentiating between labor and materials.

In view of this authority, it is unnecessary to determine whether Thomas's lien relates back to the signing of the contract and the initiation of the work. This is because Thomas's Statement of Account is insufficient to establish a laborer's lien, although it would be sufficient to establish a contractor's lien (assuming the timely commencement of a civil action), which does not prime a mortgage, however. Thomas' affidavit filed with this Court cannot substitute for the Statement of Account as the vehicle for establishing the "just and true account" of labor establishing the amount of the lien under section one.[5]

---

**5.** The Court also notes that the civil action commenced by Thomas in the state court did not include the workman who performed labor on the Debtor's property. Pursuant to section 5, these individuals were "persons in interest who shall become parties." The individuals who performed work on the Debtor's Mattapan property were not parties to the state court litigation and are not parties in the instant dispute. *See* Mass. Gen.Laws Ann. Ch. 254, § 5. Thomas's claim to a laborer's lien cannot be sustained on this alternative ground.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby overrules Thomas's objection to the Debtor's Chapter 13 plan to the extent that it is predicated upon the position that his mechanic's lien has priority over State-wide's first mortgage. Moreover, to the extent that Thomas's counsel appears to claim that he is entitled to a $2,000 priority wage claim under 11 U.S.C. § 507(a)(3), the Court overrules the objection as it demonstrates a profound misunderstanding of the Bankruptcy Code's priority scheme. The Court has not been presented with and cannot locate any authority that allows a creditor's attorney's fees as a priority wage claim against a bankruptcy estate.