**In re C.J. WRIGHT & COMPANY, INCORPORATED, Debtor.**

**SECURITIES INVESTOR PROTECTION CORPORATION, Plaintiff–Applicant,**

v.

**C.J. WRIGHT & COMPANY, INCORPORATED, Defendant.**

**Adv. No. 91–100.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 12, 1995.

Chester J. Trow, Ocala, FL, for claimant.

Steven P. Harbeck, Securities Investor Protection Corp., Washington, DC, for plaintiff.

Gardner Davis, Jacksonville, FL, for defendant.

K. Rodney May, Trustee, Orlando, FL.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon the Trustee's objection to Claim 200 filed by Barbara Ann Smith (claimant) seeking a priority unsecured claim of $1,842.45. Upon the evidence presented at a hearing on March 30, 1995, the Court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Prior to the filing of the Stockbroker Liquidation under the Securities Investor Protection Act of 1970 against the defendant, the defendant employed the claimant pursuant to a letter agreement dated January 24, 1991.

2. The defendant ceased operations on March 25, 1991, and terminated claimant's employment on the same date.

3. Claimant employed the law firm of Chester J. Trow, P.A., to represent her in a state court action to collect unpaid wages and severance totalling $985.60.

4. Claimant's state court action was stayed by the filing of this proceeding and no judgment was entered.

5. Claimant filed Claim 200 in this proceeding on July 10, 1991, claiming $369.60 for unpaid wages, $616 for severance, $783 for attorney's fees, $60 for state court costs incurred by Chester J. Trow, P.A., and $13.85 for interest.

6. The Trustee filed a limited objection to Claim 200 on November 15, 1994. On November 23, 1994, this Court entered an Order Directing Response, requiring any creditor contesting the Trustee's objection to file a written response within 30 days.

7. Claimant filed a timely response to the Trustee's objection, alleging that she was entitled to a priority claim for attorney's fees and costs as a part of her employment agreement with the defendant.

8. The Trustee does not object to the priority claim for unpaid wages and severance but objects to priority status for attorney's fees, court costs, and pre-petition interest.

### CONCLUSIONS OF LAW

The Bankruptcy Code provides for priority claims in § 507(a)(3), and states in relevant part:

(3) Third, allowed unsecured claims, but only to the extent of $4,000 for each individual or corporation, as the case may be, earned within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual . . .

11 U.S.C. § 507(a)(3).

In this case, claimant asserts a claim for unpaid wages and severance which are clearly permissible priority claims under § 507(a)(3). Claimant also argues that her claims for attorney's fees, interest, and costs are so closely aligned with the underlying

claim for wages that the Court should allow all the claims as one priority claim.

In support of her argument, claimant cites Florida Statute 448.08 which states that "[t]he (state) Court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Fla.Stat. 448.08 (1993). Claimant also cites Florida Statutes which award interest and court costs to a prevailing party. *See* Fla.Stat. 448.08, 55.03(1), and 57.041 (1993).

 The Court finds that a strict construction of these statutes prevents the claimant from recovering attorney's fees, costs, and interest because the claimant was not a prevailing party in the state court. Claimant's state court action to recover unpaid wages and severance was stayed by defendant's bankruptcy filing. Thus, claimant did not prevail with a judgment.

■ Bankruptcy law also prevents claimant from recovering attorney's fees, costs, and interest, and bankruptcy courts have been reluctant to award these items as priority claims under 11 U.S.C. § 507(a)(3). The Bankruptcy Court for the District of Massachusetts held that asserting attorney's fees as a priority claim under § 507(a)(3) was inappropriate and referenced such a claim as being the product of a "profound misunderstanding of the Bankruptcy Code's priority scheme." *In re Simon,* 161 B.R. 329, 333 (Bankr.D.Mass.1993). The Court concluded that no authority "allows a creditor's attorney's fees as a priority wage claim against a bankruptcy estate." *Id.* Courts in this District have refused to allow attorney's fees to be claimed against the estate when those fees were conditioned on arbitration which was stayed by a bankruptcy filing. *See In re Murray,* 114 B.R. 749 (Bankr.M.D.Fla.1990).

This Court agrees that when a state court action is stayed by a bankruptcy filing, allowing a creditor to claim resulting attorney's fees, costs, and interest against the bankruptcy estate is inappropriate. The Bankruptcy Code clearly delineates the priority claims available under § 507(a)(3). Attorney's fees, interest, and costs are not included as priority claims under that section. Ad-

ditionally, state law provides recovery for these claims only after the party claiming them has been awarded a judgment. Whether the state court would have awarded these items to claimant is a matter of speculation. This Court finds that claimant's claims for attorney's fees, costs, and interest are not priority claims under 11 U.S.C. § 507(a)(3).

Thus, the Court finds that the Trustee's objection to Claim 200 should be sustained. The Court will allow the claim in the amount of $985.60 as a priority unsecured claim for unpaid wages and severance, and $843 as a general unsecured claim for attorney's fees and costs. The Court will enter a separate order consistent with these findings of fact and conclusions of law.