**In re Thomas S. and Rhonda H. HUTCHISON, Debtors.**

**Bankruptcy No. 95–05806–6B7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Feb. 6, 1998.

John H. Meininger, III, Orlando, FL, for James C. Orr, Trustee.

Robert B. Branson, Orlando, FL, for Debtors.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on Trustee's, James C. Orr, Objection to Claim No. 1 and 2 (Doc. 59) and Debtors' Response to Trustee's Objection to Claim (Doc. 63). Appearing before the Court were John Meininger, counsel for Trustee, James C. Orr; and Robert Branson, counsel for Debtors, Thomas and Rhonda Hutchison. After reviewing the pleadings, exhibits, evidence, and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Thomas and Rhonda Hutchison, ("Debtors") filed a Chapter 13 bankruptcy case on February 21, 1995. The Debtors retained Robert B. Branson ("Branson") to represent them throughout their Chapter 13 case. An Order was entered dismissing the Debtors' Chapter 13 case on August 16, 1995. The Debtors incurred attorneys' fees for $680.00, which has remained unpaid to Branson as of the dismissal date of the Debtors' bankruptcy case.

The Debtors filed a voluntary Chapter 7 bankruptcy petition on October 30, 1995. The Debtors' Chapter 7 case was filed within ninety days from the date of their previous Chapter 13 case dismissal. Branson filed a proof of claim on November 28, 1995, asserting that he was entitled to a priority claim for attorneys' fees based upon his contractual representation of the Debtors in their Chapter 13 case.

1. The Trustee's objection to Claim No. 2 was sustained at the January 14, 1998 hearing.

The Trustee filed an objection to, among other things, Branson's priority claim on November 14, 1997 (Doc. 59),[1] seeking to have it paid as a general unsecured claim. Branson filed a Response to Trustee's Objections to Claim on November 28, 1997 (Doc. 63), alleging that his attorneys' fees constitute a priority pursuant to 11 U.S.C. § 507(a)(3).

## CONCLUSIONS OF LAW

Priority claims pursuant to 11 U.S.C. § 507(a)(3), provide, in pertinent part:

(3) Third, allowed unsecured claims, but only to the extent of $4,000 for each individual or corporation, as the case may be, earned within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—

(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual ...

11 U.S.C. § 507(a)(3).

The purpose of the third priority enumerated pursuant to § 507(a)(3) "is to alleviate hardship on workers who lose their jobs or part of their salary by bankruptcy. Employees are usually the hardest hit financially by a bankruptcy ... and the debtor/employer is typically the only source of income for employees." 4 Collier on Bankruptcy ¶ 507.05[2], at 507–26 (15th Ed.1997).

"Congress's [purpose in enacting § 507(a)(3) ] has constantly been to enable employees displaced by bankruptcy to secure, with some promptness, the money directly due to them in back wages, and thus to alleviate in some degree the hardship that unemployment usually brings to workers and their families." *United States v. Embassy Restaurant, Inc.*, 359 U.S. 29, 32, 79 S.Ct. 554, 556, 3 L.Ed.2d 601 (1959).

The language of § 507(a)(3) is "unambiguous," and the resolution of the case before it "requires nothing more than a sound exercise in statutory interpretation." *Davidson Transfer & Storage Co. v. Teamsters Pension Trust Fund*, 817 F.2d 1121, 1123

Thus, the sole issue is the validity of Branson's Claim No. 1.

(4th Cir.1987). Priority statutes are to be given strict construction since every such claim reduces the funds available to general creditors. *See e.g. In the Matter of Unimet Corp.*, 100 B.R. 881, 887 (Bankr.N.D.Ohio 1988).

 Branson's reading of § 507(a)(3) to include attorneys' fees based upon his prior representation of the Debtors would be a "profound misunderstanding of the Bankruptcy Code's priority scheme." *In re C.J. Wright & Co. Inc.*, 183 B.R. 305 (Bankr. M.D.Fla.1995). The key distinction entitling claimants to priority pursuant to § 507(a)(3) is whether claimants are truly engaged in a master/servant relationship with the Debtor versus those who are engaged in a contractual relationship with the Debtor. "This relationship is the true test, and to entitle the claim to priority should be one where there ... is a real status of employee and employer between the claimant and the bankrupt." *In re Grant Industries Inc.*, 133 B.R. 514 (Bankr.W.D.Mo.1991).

Allowing Branson to attain priority for attorneys' fees would be contrary to the rule that priorities should be given a strict interpretation. As the scope of this section was intended to apply to the traditional employer-employee relationship rather than mere contractual relationships with the Debtor, there is no sound basis to pay Branson's attorneys' fees as a third priority. Accordingly, Trustee's Objection to Claim No. 1 is sustained, and Branson's $680.00 claim shall be paid as a general unsecured claim.