In re Stephanie Alyeen OWEN, Debtor.

No. 02–00721GVL1.

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Sept. 23, 2004.

N.D.Okla.1998).

Karen Specie, Gainesville, FL, Trustee.

Eric Steven Ruff, Gainesville, FL, for Debtor.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO PRIORITY CLAIM

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came before the Court for hearing on the Trustee's objection to a claim filed by creditor Gary N. Holthus ("the Attorney") on the basis that a portion of the claim is stated as an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(3)(A). This Court has jurisdiction over this matter and this is a core proceeding under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(B). For the reasons set forth

herein, the objection to the claim shall be SUSTAINED.

## FACTS

The Attorney represented Stephanie Owen ("the Debtor") in a prepetition action for dissolution of marriage beginning on December 28, 2000 and continuing through October 7, 2002. The Debtor filed for Chapter 7 relief on October 17, 2002. The Attorney filed his Amended/Supplemental Proof of Claim for $18,120.00, which included $4,300.00 claimed as an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(3). Except for $3,000.00 incurred on or after October 7, 2002 the attorney's fees were incurred outside of the 90 days required by 11 U.S.C. § 507(a)(3). The Trustee filed her Objection to Claim stating that there was no legal basis for this claim to be treated as a priority claim. A hearing was held on September 2, 2004, in which the Court took the issue under advisement.

## DISCUSSION

■ The issue before me is whether fees earned pursuant to the Attorney's fee agreement with the Debtor qualify as wages or salaries which would therefore be eligible for priority status under 11 U.S.C. § 507(a)(3)(a). I find that no master/servant relationship exists between the Attorney and the Debtor. The duties within the attorney/client relationship are generally inconsistent with those of a master/servant relationship, and therefore the fees owed to the Attorney are not wages or salary that would qualify for priority status under § 507(a)(3)(a).

■ Whether or not an attorney's fee is a wage or salary depends on the relationship he has with his client. According to case authority provided by the Attorney: "[t]he key distinction is between those claimants who are truly engaged in a master/servant relationship with the debtor and those who are engaged in a contractual relationship with the debtor." *In re Grant Industries Inc.*, 133 B.R. 514, 515 (Bkrtcy.W.D.Mo.1991). Further, "this relationship is the true test, and to entitle the claim to priority should be one where there . . . is a real status of employee and employer between the claimant and the bankrupt." *Grant Industries*, 133 B.R. at 515 (citing *In re Progressive Luggage Corp.*, 34 F.2d 138 (2d Cir.1929)). The essential element of the master/servant relationship is the "right of control and the right to direct the manner in which the work shall be done." *Saudi Arabian Airlines Corp. v. Dunn*, 438 So.2d 116, at 120 (Fla. 1st DCA 1983).

■ The duties in an attorney/client relationship and those in a master/servant relationship are inconsistent with respect to the key element of control. In an attorney/client relationship, the attorney "has the exclusive management and control of the action and of all steps and proceedings taken therein." *Waite v. Wellington Boats, Inc.*, 459 So.2d 431 (Fla. 1st DCA 1984). Further, "an attorney has wide authority in the conduct of litigation; he is chosen to speak for the client in court, and, when he speaks in court, whether it be in a formal trial or in an informal pretrial, he speaks for and as the client." *Laird v. Air Carrier Engine Service, Inc.*, 263 F.2d 948 (5th Cir.1959). Conversely, the master/servant relationship exists where the servant "for consideration agrees to work subject to the orders and directions of another, usually for regular wages but not necessarily so, and, further, agrees to subject himself at all times during the period of service to the lawful orders and directions of the other in respect to the work to be done." *Saudi Arabian*, 438 So.2d at 120 (*See also* City of Boca Raton v. Mattef, 91 So.2d 644, 647 (Fla.1956)). Moreover,

the servant "must remain entirely under the control and direction of his master while the relation exists." *Boyle v. Howe*, 126 Fla. 662, 674, 171 So. 667 (Fla.1935). In comparing the definitions, it is apparent that an attorney cannot retain exclusive management and control of an action, as required by the attorney/client relationship, while at the same time remaining entirely under the control and direction of his client, as required by the definition of the master/servant relationship. Absent special circumstances, such as an in house counsel situation, it is generally not possible for an arrangement to qualify as both an attorney/client relationship and a master/servant relationship.

The Court in *In re Hutchison* held that attorney's fees did not qualify for § 507(a)(3) priority due to the attorney's lack of traditional employee/employer relationship with debtor. *In re Hutchison*, 223 B.R. 586, 588 (Bkrtcy.M.D.Fla.1998). In reaching this conclusion, the Court considered both policy and rules of construction. The policy reason behind § 507(a)(3) "is to alleviate hardship on workers who lose their jobs or part of their salary by bankruptcy. Employees are usually the hardest hit financially by a bankruptcy ... and the *debtor/employer is typically the only source of income for employees.*" *In re Hutchison*, 223 B.R. at 587 *(citing* 4 Collier on Bankruptcy ¶ 507.05[2]. At 507–26 (15th Ed.1997)) (emphasis added). The Attorney does not contend that he has no other clients or that the Debtor is his only source of income. In addition to policy considerations, the Court also considered rules of construction and held that priority statutes are to be given strict construction because each claim made reduces the funds available to general creditors. *Hutchison*, 223 B.R. at 588 *(citing In the Matter of Unimet Corp.*, 100 B.R. 881, 887 (Bkrtcy.N.D.Ohio 1988)). Moreover, the Court stated that a "reading of § 507(a)(3) to include attorney's fees based upon his

prior representation of the debtors would be a 'profound misunderstanding of the Bankruptcy Code's priority scheme.'" *Hutchison*, 223 B.R. at 588. The Court concluded that the attorney was engaged in a contractual relationship with the debtor and did not have a master/servant relationship as put forth in *Grant Industries*. *Hutchison*, 223 B.R. at 588. The Attorney's priority claim in this case is similar to that in *Hutchison* and will be denied based on a lack of master/servant relationship and in light of the cited policy and rules of construction.

Based on the foregoing, I hold the Attorney here has an attorney/client relationship and not a master/servant relationship with the debtor. Therefore, his fees do not qualify as wages or salary and he cannot be given priority under § 507(a)(3)(a).

Therefore, it is hereby ORDERED AND ADJUDGED that the Trustee's objection to claim is hereby SUSTAINED. The Attorney's claim is disallowed as a priority claim but is allowed as a general unsecured claim.